# EXHIBIT 11

K&L GATES LLP
Artoush Varshosaz (TX Bar No. 24066234)
1717 Main Street, Suite 2800
Dallas, TX 75201
Tel: (214) 939-5659
artoush.varshosaz@klgates.com

A. Lee Hogewood, III (*pro hac vice*)
4350 Lassiter at North Hills Ave., Suite 300
Raleigh, NC 27609
Tel: (919) 743-7306
Lee.hogewood@klgates.com

*Counsel for NexPoint Advisors, L.P.*

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
drukavina@munsch.com
jvasek@munsch.com

*Counsel for NexPoint Advisors, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § § | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| Debtor. | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Adv. No. 21-03005 |
| NEXPOINT ADVISORS, L.P. | § § § | |
| Defendant. | § § | |

## DEFENDANT'S ORIGINAL ANSWER

COMES NOW NexPoint Advisors, L.P. (the "Defendant"), the defendant in the above-styled and numbered adversary proceeding (the "Adversary Proceeding") filed by Highland Capital Management, L.P. (the "Plaintiff"), and files this its *Defendant's Original Answer* (the "Answer"), responding to the *Complaint for (I) Breach of Contract and (II) Turnover of Property*

DEFENDANT'S ORIGINAL ANSWER

¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦
1934054210302000000000005

*of the Debtor's Estate* (the "Complaint"). Where an allegation in the Complaint is not expressly admitted in this Answer, it is denied.

## PRELIMINARY STATEMENT

1. The first sentence of ¶ 1 sets forth the Plaintiff's objective in bringing the Complaint and does not require a response. To the extent it contains factual allegations, they are denied. The second sentence contains a legal conclusion that does not require a response. To the extent it contains factual allegations, they are denied.

2. Paragraph 2 contains a summary of the relief the Plaintiff seeks and does not require a response. To the extent it contains factual allegations, they are denied.

## JURISDICTION AND VENUE

3. The Defendant admits that this Adversary Proceeding relates to the Plaintiff's bankruptcy case but denies any implication that this fact confers Constitutional authority on the Bankruptcy Case to adjudicate this dispute. Any allegations in ¶ 3 not expressly admitted are denied.

4. The Defendant admits that the Court has statutory (but not Constitutional) jurisdiction to hear this Adversary Proceeding. Any allegations in ¶ 4 not expressly admitted are denied.

5. The Defendant denies that a breach of contract claim is core. The Defendant denies that a § 542(b) turnover proceeding is the appropriate mechanism to collect a contested debt. The Defendant admits that a § 542(b) turnover proceeding is statutorily core but denies that it is Constitutionally core under *Stern v. Marshall*. The Defendant does not consent to the Bankruptcy Court entering final orders or judgment in this Adversary Proceeding. Any allegations in ¶ 5 not expressly admitted are denied.

6. The Defendant admits ¶ 6 of the Complaint.

## THE PARTIES

7. The Defendant admits ¶ 7 of the Complaint.

8. The Defendant admits ¶ 8 of the Complaint.

## CASE BACKGROUND

9. The Defendant admits ¶ 9 of the Complaint.

10. The Defendant admits ¶ 10 of the Complaint.

11. The Defendant admits ¶ 11 of the Complaint.

12. The Defendant admits ¶ 12 of the Complaint.

## STATEMENT OF FACTS

**A.  The NPA Notes**

13. The Defendant admits that it has executed at least one promissory note under which the Debtor is the payee. Any allegations in ¶ 13 not expressly admitted are denied.

14. The Defendant admits ¶ 14 of the Complaint.

15. The Defendant denies ¶ 15 of the Complaint. The document speaks for itself and the quote set forth in ¶ 15 is not verbatim.

16. The Defendant admits ¶ 16 of the Complaint.

17. The Defendant denies ¶ 17 of the Complaint. The document speaks for itself and the quote set forth in ¶ 17 is not verbatim.

18. The Defendant admits ¶ 18 of the Complaint.

**B.  NPA's Default under the Note**

19. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 19 of the Complaint and therefore denies the same.

20. The Defendant admits that Exhibit 2 to the Complaint (the "Demand Letter") is a true and correct copy of what it purports to be and that the document speaks for itself. To the

extent ¶ 20 of the Complaint asserts a legal conclusion, no response is required, and it is denied. To the extent not expressly admitted, ¶ 20 of the Complaint is denied.

21. The Defendant admits that it paid the Debtor $1,406,111.92 on January 14, 2021. To the extent not expressly admitted, paragraph 21 of the Complaint is denied.

22. The Defendant admits that Exhibit 3 to the Complaint (the "Second Demand Letter") is a true and correct copy of what it purports to be and that the document speaks for itself. To the extent ¶ 22 of the Complaint asserts a legal conclusion, no response is required, and it is denied. To the extent not expressly admitted, ¶ 22 of the Complaint is denied.

23. To the extent ¶ 23 of the Complaint asserts a legal conclusion, no response is necessary, and it is denied. The Defendant otherwise admits ¶ 23 of the Complaint.

24. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 24 of the Complaint and therefore denies the same.

25. The Defendant denies ¶ 25 of the Complaint.

### FIRST CLAIM FOR RELIEF
**(For Breach of Contract)**

26. Paragraph 26 of the Complaint is a sentence of incorporation that does not require a response. All prior denials are incorporated herein by reference.

27. Paragraph 27 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 27 of the Complaint and therefore denies the same.

28. Paragraph 28 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant lacks knowledge or information sufficient

to form a belief about the truth of the allegations in ¶ 28 of the Complaint and therefore denies the same.

29. Paragraph 29 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 29 of the Complaint and therefore denies the same.

30. The Defendant denies ¶ 30 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Turnover by HCMFA Pursuant to 11 U.S.C. § 542(b))

31. Paragraph 31 of the Complaint is a sentence of incorporation that does not require a response. All prior denials are incorporated herein by reference.

32. Paragraph 32 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 32 of the Complaint and therefore denies the same.

33. Paragraph 33 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 33 of the Complaint and therefore denies the same.

34. The Defendant denies ¶ 34 of the Complaint.

35. Paragraph 35 of the Complaint states a legal conclusion that does not require a response. The Defendant admits that the Plaintiff transmitted the Demand Letter and the Second Demand Letter, and those documents speak for themselves. To the extent ¶ 35 alleges other facts,

the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 35 of the Complaint and therefore denies the same.

36. The Defendant denies ¶ 36 of the Complaint.

37. Paragraph 37 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 37 of the Complaint and therefore denies the same.

38. The Defendant denies that the Plaintiff is entitled to the relief requested in the prayer, including parts (i), (ii), and (iii).

## AFFIRMATIVE DEFENSES

39. Pursuant to that certain Shared Services Agreement, the Plaintiff was responsible for making payments on behalf of the Defendant under the note. Any alleged default under the note was the result of the Plaintiff's own negligence, misconduct, breach of contract, etc.

40. Delay in the performance of a contract is excused when the party who seeks to enforce the contract caused the delay. It was therefore inappropriate for the Plaintiff to accelerate the note when the brief delay in payment was the Plaintiff's own fault.

41. Furthermore, the Plaintiff was waived the right to accelerate the note and/or the Plaintiff is estopped to enforce the alleged acceleration.

## JURY DEMAND

42. The Defendant demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure.

43. The Defendant does not consent to the Bankruptcy Court conducting a jury trial and therefore demands a jury trial in the District Court.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully request that, following a trial on the merits, the Court enter a judgment that the Plaintiff take noting on the Complaint and provide the Defendant such other relief to which it is entitled.

RESPECTFULLY SUBMITTED this 1st day of March, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
drukavina@munsch.com
jvasek@munsch.com

**K&L GATES LLP**

Artoush Varshosaz (TX Bar No. 24066234)
1717 Main Street, Suite 2800
Dallas, TX 75201
Tel: (214) 939-5659
artoush.varshosaz@klgates.com

A. Lee Hogewood, III (*pro hac vice*)
4350 Lassiter at North Hills Ave., Suite 300
Raleigh, NC 27609
Tel: (919) 743-7306
Lee.hogewood@klgates.com

**COUNSEL FOR NEXPOINT ADVISORS, L.P.**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that, on the 1st day of March, 2021, a true and correct copy of this document was electronically served by the Court's ECF system on parties entitled to notice thereof, including counsel for the Plaintiff.

                                      /s/  Davor Rukavina
                                          Davor Rukavina, Esq.