# EXHIBIT 15

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas  75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
drukavina@munsch.com
jvasek@munsch.com

*Counsel for NexPoint Advisors, L.P*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Debtor. | § § § § § § § | Chapter 11 <br><br> Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> v. <br><br> NEXPOINT ADVISORS, L.P. <br><br> Defendant. | § § § § § § § § § § § § | Adv. No. 21-03005 |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION**

TO:   Highland Capital Management, L.P. through its counsel of record, Jeffrey Pomerantz and John Morris, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, jpomerantz@pszjlaw.com; jmorris@pszjlaw.com; Zachery Annable, Hayward PLLC, 10501 N. Central Expy., Ste. 106, Dallas, TX 75231, zannable@haywardfirm.com

NexPoint Advisors, L.P. ("NexPoint"), the defendant in the above-styled and numbered

adversary proceeding, hereby makes the following objections and gives the following responses

to the *Debtor's First Requests for Admissions Directed to NexPoint Advisors, L.P.*, the *Debtor's First Request for Production of Documents Directed to NexPoint Advisors, L.P.*, and the *Debtor's First Set of Interrogatories Directed to NexPoint Advisors, L.P.*, pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure and Rules 7033, 7034, and 7036 of the Federal Rules of Bankruptcy Procedure.

## I.    REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION 1:**

Admit that attached as **Exhibit A** is a true and correct copy of the Note (a) executed by NPA, as maker, in favor of the Debtor, as payee, (b) dated May 31, 2017, (c) in the original face amount of $30,746,812.33.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION 2:**

Admit that on or about May 31, 2017, the Debtor paid $30,746,812.33 to NPA (or for its benefit) in exchange for the Note (the "Consideration").

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION 3:**

Admit that attached as **Exhibit B** is the Debtor's January 7, 2021 demand letter (the "Demand Letter") to NPA demanding payment of the accrued interest and principal due, and any other amounts due on the Note, in the aggregate amount of $24,471,804.98 as of January 8, 2021.

**RESPONSE:** NexPoint admits that Exhibit B is a true and correct copy of a letter the Debtor sent to NexPoint on or about January 7, 2021.  NexPoint denies the letter had any legal effect given that the Debtor caused NexPoint's alleged default.  To the extent not expressly admitted, this request is denied.

**REQUEST FOR ADMISSION 4:**

Admit that, after receiving the Demand Letter, NPA never asked, requested, or demanded that the Debtor make any payments on the Note on behalf of NPA.

**RESPONSE:** NexPoint admits that it made no such express request, but NexPoint denies it had any obligation to request that the Debtor do something it was already obligated to do.  To the extent not expressly admitted, this request is denied.

**REQUEST FOR ADMISSION 5:**

Admit that (a) on January 14, 2021, NPA paid the Debtor $1,406,111.92 that was due under the Note on December 31, 2020 (the "January Payment"), and (b) the Debtor did nothing to assist or aid NPA in making the January Payment.

> **RESPONSE:** NexPoint admits that it made the January Payment but denies that the January Payment was past due through any fault of NexPoint. NexPoint admits that the Debtor wrongfully failed to assist NexPoint with making payments when due under the Note, including the January Payment. To the extent not expressly admitted, this request is denied.

**REQUEST FOR ADMISSION 6:**

Admit that attached as **Exhibit C** is the Debtor's January 15, 2021 demand letter (the "Second Demand Letter") to NPA demanding payment of the accrued interest and principal due, and any other amounts due on the Note, in the aggregate amount of $23,071,195.03 as of January 15, 2021 (the "Outstanding Amount").

> **RESPONSE:** NexPoint admits that Exhibit C is a true and correct copy of a letter the Debtor sent to NexPoint on or about January 15, 2021. NexPoint denies the letter had any legal effect given that the Debtor caused NexPoint's alleged default. To the extent not expressly admitted, this request is denied.

**REQUEST FOR ADMISSION 7:**

Admit that, as of January 22, 2021, NPA has not paid the Debtor the Outstanding Amount.

> **RESPONSE:** NexPoint denies that any amount is due and payable under the note. NexPoint admits that it has not paid the balance owing under the note, as such balance is not due. To the extent not expressly admitted, this request is denied.

## II.    REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION 1:**

All Documents and Communications Concerning Your contention that "Plaintiff was responsible for making payments on behalf of the Defendant under the [N]ote," as alleged in paragraph 39 of the Answer.

> **RESPONSE:** NexPoint will produce responsive, non-privileged documents from May 31, 2017 to present that are within its possession, custody, or control. NexPoint notes, however, that most responsive documents will likely be on the Debtor's servers, to which NexPoint does not have access. The Debtor therefore should encounter responsive documents in connection with responding to NexPoint's requests for production.

**REQUEST FOR PRODUCTION 2:**

All Documents and Communications Concerning Your contention that "[a]ny alleged default under the [N]ote was the result of Plaintiff's own negligence, misconduct, breach of contract, etc.," as alleged in paragraph 39 of the Answer.

> **RESPONSE:** NexPoint will produce responsive, non-privileged documents from May 31, 2017 to present that are within its possession, custody, or control. NexPoint notes, however, that most responsive documents will likely be on the Debtor's servers, to which NexPoint does not have access. The Debtor therefore should encounter responsive documents in connection with responding to NexPoint's requests for production.

**REQUEST FOR PRODUCTION 3:**

All Documents and Communications Concerning Your contention that "the brief delay in payment was the Plaintiff's own fault," as alleged in paragraph 40 of the Answer.

> **RESPONSE:** NexPoint will produce responsive, non-privileged documents from May 31, 2017 to present that are within its possession, custody, or control. NexPoint notes, however, that most responsive documents will likely be on the Debtor's servers, to which NexPoint does not have access. The Debtor therefore should encounter responsive documents in connection with responding to NexPoint's requests for production.

**REQUEST FOR PRODUCTION 4:**

All Documents and Communications Concerning the affirmative defenses of "waiver" or "estoppel." *See* Answer ¶ 41.

> **RESPONSE:** NexPoint will produce responsive, non-privileged documents from May 31, 2017 to present that are within its possession, custody, or control. NexPoint notes, however, that most responsive documents will likely be on the Debtor's servers, to which NexPoint does not have access. The Debtor therefore should encounter responsive documents in connection with responding to NexPoint's requests for production.

**REQUEST FOR PRODUCTION 5:**

All Documents and Communications Concerning the Default Letter, including but not limited to any subsequent request or demand by NPA that the Debtor make the payment demanded under the Note on Your behalf.

> **RESPONSE:** NexPoint will produce responsive, non-privileged documents from May 31, 2017 to present that are within its possession, custody, or control. NexPoint notes, however, that most responsive documents will likely be on the Debtor's servers, to which NexPoint does not have access. The Debtor therefore should encounter responsive documents in connection with responding to NexPoint's requests for production.

**REQUEST FOR PRODUCTION 6:**

All Documents and Communications that You intend to offer into evidence in this Adversary Proceeding.

**RESPONSE:** NexPoint objects to this request to the extent it seeks to impose obligations that exceed those imposed by applicable law. NexPoint is still in the process of identifying documents and communications it will offer into evidence, and the parties have stipulated to a deadline for filing witness and exhibit lists (July 26, 2021). For the avoidance of doubt, documents responsive to this request will likely be responsive to other requests, in which case they will not be withheld elsewhere based on this objection.

### III. INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person who You believe has personal knowledge of any facts Concerning Your contention that "Plaintiff was responsible for making payments on behalf of the Defendant under the [N]ote," as alleged in paragraph 39 of the Answer.

**RESPONSE:** Frank Waterhouse and James Dondero.

**INTERROGATORY NO. 2:**

Identify each person who You believe has personal knowledge of any facts to Concerning Your contention that "[a]ny alleged default under the [N]ote was the result of Plaintiff's own negligence, misconduct, breach of contract, etc.," as alleged in paragraph 39 of the Answer.

**RESPONSE:** Frank Waterhouse and James Dondero.

**INTERROGATORY NO. 3:**

Identify each person who You believe has personal knowledge of any facts Concerning Your contention that "the brief delay in payment was the Plaintiff's own fault," as alleged in paragraph 40 of the Answer.

**RESPONSE:** Frank Waterhouse and James Dondero.

**INTERROGATORY NO. 4:**

Identify each person who You believe has personal knowledge of any facts Concerning Your contention that "the brief delay in payment was the Plaintiff's own fault," as alleged in paragraph 40 of the Answer.

**RESPONSE:** Frank Waterhouse and James Dondero.

**INTERROGATORY NO. 5:**

Identify each person who You believe has personal knowledge of any facts Concerning Your response to the Demand Letter, including but not limited to any subsequent request or demand by NPA that the Debtor make the payment demanded under the Note on Your behalf, if any.

**RESPONSE:** Frank Waterhouse and James Dondero.

**INTERROGATORY NO. 6:**

Identify each witness that You intend to call at trial in this Adversary Proceeding.

**RESPONSE:** NexPoint objects to this request to the extent it seeks to impose obligations that exceed those imposed by applicable law. NexPoint is still in the process of identifying witnesses it will call at trial, and the parties have stipulated to a deadline for filing witness and exhibit lists (July 26, 2021). For the avoidance of doubt, names responsive to this request will likely be responsive to other requests, in which case they will not be withheld elsewhere based on this objection.

## IV.    RESERVATION OF RIGHTS

NexPoint reserves the right to amend or supplement these written objections and responses at any time, consistent with the applicable Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this 3rd day of May, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
drukavina@munsch.com
jvasek@munsch.com

**COUNSEL FOR NEXPOINT ADVISORS, L.P.**

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that, on the 3rd day of May, 2021, a true and correct copy of this document was electronically served via email on counsel for the Debtor (jpomerantz@pszjlaw.com; jmorriss@pszjlaw.com; zannable@haywardfirm.com).

                    /s/  Davor Rukavina
                      Davor Rukavina, Esq.

<u>Verification</u>

STATE OF TEXAS §
§
COUNTY OF DALLAS____ §

   Before me, the undersigned notary, on this day personally appeared _____, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

   "My name is _____. I am capable of making this Verification. I have read the foregoing document. The facts stated in the answers to the interrogatories are within my personal knowledge and/or are based on information I obtained from other persons, and are true and correct."

         NexPoint Advisors, L.P.

         By:_____

         Title: _____


 SUBSCRIBED AND SWORN TO BEFORE ME on this the ____ day of May, 2021.

         _____
         Notary Public, State of Texas
         My Commission Expires: _____