Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: drukavina@munsch.com
Email: jvasek@munsch.com

COUNSEL FOR THE DEFENDANTS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Debtor. | § § § § § § § | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.<br><br>Defendant. | § § § § § § § § § § § § § § | Adv. No. 21-03004 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>NEXPOINT ADVISORS, L.P.<br><br>Defendant. | § § § § § § § § § § § § | Adv. No. 21-03005 |

**MOTION FOR ENTRY OF PROTECTIVE ORDER**

TO THE HONORABLE STACEY G. C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

COME NOW Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P. (the "Defendants"), defendants in the above styled and numbered adversary proceedings (the "Adversary Proceedings"), and file this their *Motion for Entry of Protective Order* (the "Motion"), respectfully stating as follows:

### RELIEF REQUESTED

1. By this Motion, the Defendants seek entry of an order, in the form attached hereto as **Exhibit A**, governing all discovery in the Adversary Proceedings (the "Protective Order"). The Court has already entered a protective order in the underlying, above-captioned bankruptcy case (the "Bankruptcy Case"), but on its face it does not apply to adversary proceedings. There are also various other issues that make it less than ideal for application in these Adversary Proceedings. Accordingly, the Defendants seek entry of a more apropos order.

### BACKGROUND

**A. The Bankruptcy Case**

2. On October 16, 2019, Highland Capital Management, L.P., (the "Plaintiff") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, thereby initiating the above-captioned bankruptcy case (the "Bankruptcy Case"). On October 29, 2019, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Bankruptcy Case [Docket No. 64].

3. On December 4, 2019, an order was entered transferring the Bankruptcy Case to the United States Bankruptcy Court for the Northern District of Texas (the "Court") [Docket No. 186].

**B.     The Bankruptcy Case Protective Order**

4. On December 27, 2019, Plaintiff and the Committee filed a *Joint Motion for Entry of an Order Approving the Agreed Protective Order Between Highland Capital Management, L.P., and the Official Committee of Unsecured Creditors* [Docket No. 208], pursuant to which Plaintiff and the Committee sought the entry of an agreed protective order to govern the production or receipt of confidential information in the Bankruptcy Case. On January 7, 2020, the United States Trustee filed an objection to the joint motion [Docket No. 307], which the Court overruled at a hearing on January 21, 2020.

5. On January 21, 2020, the Court entered the *Agreed Protective Order* in the Bankruptcy Case [Docket No. 382] (the "Bankruptcy Case Protective Order"). There are at least four problems with applying the Bankruptcy Case Protective Order in these Adversary Proceedings:

> a. First, the Bankruptcy Case Protective Order predates any adversary proceedings in the Bankruptcy Case and does not, on its face, apply to discovery materials produced or received in any adversary proceedings. Rather, the Bankruptcy Case Protective Order specifically limits its definition of "Discovery Materials" to only those documents, information, or other things produced or received by a party in the Bankruptcy Case.
>
> b. Second, the Bankruptcy Case Protective Order specifically excludes from the "Confidential" designation any information that "was lawfully within a Party's possession prior to it being furnished to such Party in the Bankruptcy Case." *See* Bankruptcy Case Protective Order ¶ 1. But this provision creates problems because the Plaintiff may possess certain confidential information of the Defendants solely by virtue of the fact that the Plaintiff's in-house counsel once represented the Defendants. Any attorney in that position has an ethical obligation not to disclose his or her former client's confidential information, so the Plaintiff should not have access to such information. Furthermore, the Shared Services Agreements between the Plaintiff and the Defendants require the Plaintiff to maintain the confidentiality of the Defendants' records. In any event, the fact that the Plaintiff possesses such documents does not mean they are non-confidential vis-à-vis third parties.
>
> c. Third, the Bankruptcy Case Protective Order was negotiated between the Committee and the Plaintiff. As a result, it permits disclosure of confidential information to the Committee and to the United States Trustee. While the Committee and U.S. Trustee are parties-in-interest in the Bankruptcy Case, they are

not parties to the Adversary Proceedings, so there is no reason why they should receive confidential information produced in the Adversary Proceedings.

d. Fourth, the Bankruptcy Case Protective Order expressly "precludes non-Debtor affiliates, and their Representatives, including any entity affiliated with, owned by, or controlled in any way, directly or indirectly, by James Dondero and his affiliates (the 'Dondero Parties') from seeking to enforce or rely on this Order in any way, unless any of the Dondero Parties is asked (formally or informally) to produce or receive Discovery Materials thereby becoming a 'Party' as defined herein." This provision was plainly intended to apply to the Defendants. Given the Bankruptcy Case Protective Order's otherwise questionable applicability, it does not make sense to introduce yet another layer of ambiguity.

**C.    The Adversary Proceedings**

6. On January 22, 2021, Plaintiff commenced the Adversary Proceedings against the Defendants. The Defendants filed their answers on March 1, 2021. The parties have exchanged discovery requests and are in the process of producing documents.

7. Certain documents and information produced or otherwise provided, or which may hereafter be produced or otherwise provided, by the parties and/or certain non-parties in connection with the Adversary Proceedings are believed to be confidential and/or proprietary to the producing party, to contain sensitive commercial information, and/or to involve possible trade secrets and/or other confidential business information. Such information may also be protected under applicable law and regulations, and the entry of a protective order is necessary or advisable to enable the parties to produce and to review the same.

**BASIS FOR RELIEF**

8. Federal Rule of Civil Procedure 26(c), as made applicable to the Adversary Proceedings by Rule 7026 of the Federal Rules of Bankruptcy Procedure, provides that a party from whom discovery is sought may move for a protective order, and the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

Fed. R. Civ. P. 26(c); Fed. R. Bankr. P. 7026; *see also Box v. Dall. Mexican Consulate Gen.*, 487 F. App'x 880, 884 (5th Cir. 2012) (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000)) ("District courts enjoy 'broad discretion in all discovery matters . . . .'").

9. The Bankruptcy Code likewise expressly provides the Court with the power to issue an order to "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107. Additionally, Bankruptcy Rule 9018 authorizes the Court to, among other things, "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. In particular, the Court "can exercise its sound discretion to restrict what materials are obtainable, how they can be obtained, and what use can be made of them once obtained." *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985) (citing *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).

10. Good cause exists in these Adversary Proceedings to enter the Protective Order in substantially the form attached hereto. The proposed Protective Order is designed to govern the production of "Confidential" and "Highly Confidential" material (as defined in the Protective Order), and to avoid harm to any discovery party that produces potential confidential, proprietary, sensitive commercial information, trade secret, and/or other confidential information in connection with the Adversary Proceedings. Among other things, the proposed Protective Order provides for the good-faith designation of documents and other information as "Confidential" or "Highly Confidential" and outlines the parameters, requirements, and protections attendant to such designations.

11. The Protective Order will enable Plaintiff and the Defendants to properly prepare for trial, impose minimum burdens on Plaintiff, the Defendants, and any third parties, and provide appropriate and reasonable protections to Plaintiff, the Defendants, and third parties. The proposed

Protective Order is a standard order routinely entered by the federal courts in similar litigation circumstances. Indeed, the Bankruptcy Case Protective Order, previously signed by the Court in the Bankruptcy Case, is substantially similar to the proposed Protective Order, except that the proposed Protective Order will be specifically applicable to these Adversary Proceedings.

12. The Defendants do not file this Motion for any improper litigation tactics, to needlessly complicate this litigation, nor to prejudice the rights of any person. Rather, they file this Motion solely to ensure that the parties to these Adversary Proceedings are able to properly prepare for trial, while protecting information that is and that should continue to be entitled to protection.

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request that the Court enter the proposed Protective Order attached hereto and grant them such other and further relief to which they are entitled.

RESPECTFULLY SUBMITTED this 30th day of June, 2021.

    MUNSCH HARDT KOPF & HARR, P.C.

    By: /s/ *Julian P. Vasek*
        Davor Rukavina, Esq.
        Texas Bar No. 24030781
        Julian P. Vasek, Esq.
        Texas Bar No. 24070790
        500 N. Akard Street, Suite 3800
        Dallas, Texas 75201-6659
        Telephone: (214) 855-7500
        Facsimile: (214) 855-7584
        Email: drukavina@munsch.com
        Email: jvasek@munsch.com

    COUNSEL FOR THE DEFENDANTS

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he discussed the relief requested herein with John A. Morris, counsel of record for the Plaintiff. According to Mr. Morris, the Bankruptcy Case Protective Order should apply, and the Plaintiff declines to negotiate a separate protective order for these Adversary Proceedings. On June 18, 2021, the undersigned advised Mr. Morris that the Plaintiff's disinclination to negotiate would leave the Defendants with no choice but to file an opposed motion, but no response has been received to date.

/s/ *Julian P. Vasek*
Julian P. Vasek

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 30th day of June, 2021, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof.

/s/ *Julian P. Vasek*
Julian P. Vasek