

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.



**Signed July 8, 2021**

_____
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT L.P., | § § | CASE NO. 19-34054-SGJ-11 (CHAPTER 11) |
| DEBTOR. | § | |
| _____ | § | |
| HIGHLAND CAPITAL MANAGEMENT L.P., | § § | ADVERSARY NO. 21-03004 |
| PLAINTIFF, | § | (CIV. ACTION #3:21-CV-00881-X) |
| | § | |
| VS. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § § | |
| DEFENDANT. | § | |

**REPORT AND RECOMMENDATION TO DISTRICT COURT PROPOSING THAT IT: (A) GRANT DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE AT SUCH TIME AS BANKRUPTCY COURT CERTIFIES THAT ACTION IS TRIAL READY; AND (B) DEFER PRETRIAL MATTERS TO BANKRUPTCY COURT**

1

## I. INTRODUCTION

The above-referenced adversary proceeding (the "Adversary Proceeding") is related to the bankruptcy case of Highland Capital Management, L.P. (the "Bankruptcy Case").[1] Highland Capital Management, L.P. (the "Debtor" or "Highland") filed a voluntary Chapter 11 petition on October 16, 2019 in the United States Bankruptcy Court of Delaware. That court subsequently entered an order transferring venue to the Northern District of Texas, Dallas Division, on December 4, 2019. A Chapter 11 plan was confirmed by the bankruptcy court on February 22, 2021. The chapter 11 plan has been appealed by the Defendant in this action, Highland Capital Management Fund Advisors ("HCMFA-Defendant"), and certain parties related to it. The appeal of the plan is now pending before the Fifth Circuit, but no stay pending appeal has been granted.

On January 22, 2021, shortly before its Chapter 11 plan was confirmed, the Debtor, as Plaintiff, brought this Adversary Proceeding against HCMFA-Defendant. The Adversary Proceeding pertains to two promissory notes (collectively, the "Notes") executed by HCMFA-Defendant in favor of the Debtor in 2019. Each of the Notes were demand notes. On December 3, 2020, the Debtor sent HCMFA-Defendant a letter demanding payment by December 11, 2020, as allowed under the terms of the notes. Following HCMFA-Defendant's failure to pay on the Notes in response to the demand letter, the Debtor brought this action to collect on the Notes. The Debtor's Chapter 11 plan contemplates collection on these Notes (as well as several other notes of parties related to HCMFA-Defendant) as part of its funding to pay creditors.

---

[1] Bankruptcy Case No. 19-34054.

Under the United States District Court for the Northern District of Texas' standing order of reference[2], proceedings arising in, or related to, a case under Title 11 are automatically referred to the bankruptcy court. HCMFA-Defendant submitted a *Motion for Withdrawal the Reference*[3] (the "Motion") and *Brief in Support of Motion to Withdraw the Reference*[4] (the "Brief in Support") seeking to have the reference withdrawn, such that this Adversary Proceeding would be adjudicated in the District Court. The bankruptcy court conducted a status conference concerning the Motion, pursuant to Local Bankruptcy Rule 5011-1, on May 25, 2021.

The bankruptcy court submits the following report and recommendation to the District Court, ultimately recommending that the Motion be granted, **but only at such time as the bankruptcy court certifies to the District Court that the lawsuit is trial ready**. The bankruptcy court further recommends that the District Court **defer to the bankruptcy court the handling of all pretrial matters**.

## II.   NATURE OF THE ADVERSARY PROCEEDING

### a. The Complaint and Procedural History

The Debtor commenced this Adversary Proceeding by filing its *Complaint for (I) Breach of Contract and (II) Turnover of Property of the Debtor's Estate*[5] on January 22, 2021. The Debtor's Complaint asserts two causes of action: (1) a breach of contract claim ("Count 1") and (2) a turnover action under 11 U.S.C. § 542(b) for the amounts owed on the Notes ("Count 2"). The principal amounts and execution dates for each of the two Notes were: (i) $2,400,000, executed May 2, 2019, and (ii) $5,000,000, executed May 3, 2019. The Debtor now seeks monetary damages totaling $7,687,653.07, plus accrued but unpaid interest and cost of collection. Because

---

[2] Misc. Order No. 33.
[3] Adversary Case No. 21-03004, Dkt. 20.
[4] Adversary Case No. 21-03004, Dkt. 21.
[5] Adversary Case No. 21-03004, Dkt. 1.

the Debtor alleges the amounts due on the Notes are property of its estate, it argues that turnover pursuant to 11 U.S.C. § 542(b) is appropriate.

After being served with summons on January 25, 2021, HCMFA-Defendant filed its *Original Answer*[6] on March 1, 2021 before subsequently filing its *Amended Answer*[7] on July 6, 2021.

HCMFA-Defendant filed two proofs of claim in the Bankruptcy Case, Proof of Claim Nos. 95 and 119. Proof of Claim No. 95 was based on alleged overpayments made by HCMFA-Defendant to the Debtor under a shared services agreement. Proof of Claim No. 119 was based on alleged overpayments made by HCMFA-Defendant to the Debtor under a payroll reimbursement agreement. On October 9, 2020, the bankruptcy court entered a *First Supplemental Order Sustaining First Omnibus Claims Objection*[8], which disallowed both of HCMFA-Defendant's proofs of claim. The HCMFA-Defendant filed an application for an administrative expense claim on January 24, 2021, relating to services it alleges the Debtor did not perform under a shared services agreement. The Debtor has since filed an objection to the application and the matter is set for trial on September 28, 2021. The administrative expense claim ***does not directly relate to the causes of action for collection under the Notes***. Similarly, the disallowed ***proofs of claim did not relate to the Notes.***

### b. The Motion to Withdraw the Reference, Response Opposed, and Reply

On April 15, 2021, HCMFA-Defendant filed the Motion. As a result, the above-captioned civil action was created in the District Court. On May 4, 2021, the Debtor filed its *Response Opposed to Defendant's Motion to Withdraw the Reference*[9] (the "Response Opposed"). On May

---

[6] Adversary Case No. 21-03004, Dkt. 6.
[7] Adversary Case No. 21-03004, Dkt. 48.
[8] Bankruptcy Case No. 19-34054, Dkt. 1155.
[9] Adversary Case No. 21-03004, Dkt. 28.

18, 2021, HCMFA-Defendant filed its *Reply in Support of the Motion to Withdraw the Reference*[10] (the "Reply"). The bankruptcy court held a status conference, as required by Local Bankruptcy Rule 5011-1, on May 25, 2021, to assist in the bankruptcy court's preparation of this Report and Recommendation.

### i. The Movant's Position

HCMFA-Defendant argues there is cause shown for permissive withdrawal of the reference because: (1) the contract claim is a purely state law, non-core claim; (2) the turnover claim, under the Bankruptcy Code, is wholly derivative of the contract claim, as the amount to be turned over is based on the resolution of the contract claim; and (3) efficiency, uniformity and forum shopping factors all favor withdrawal.[11]

Further, HCMFA-Defendant contends it has made a demand for a jury trial and has not consented, expressly or impliedly, to the equitable jurisdiction of the bankruptcy court to enter final orders in the Adversary Proceeding or hold a jury trial. HCMFA-Defendant further argues it has never filed a proof of claim related to the Notes, thus negating any argument it has consented to the bankruptcy court having jurisdiction over the litigation of the Notes.

Finally, HCMFA-Defendant alleges that permissive withdrawal as proper, because the turnover claim is being used as an to attempt to relabel a non-core breach of contract claim to place jurisdiction within the bankruptcy court.[12]

As far as timing, HCMFA-Defendant requests that the District Court immediately withdraw the reference and hear all pre-trial matters until the parties are trial-ready.

---

[10] Adversary Case No. 21-03004, Dkt. 30.
[11] Adversary Case No. 21-03004, Dkt. 21 at 5-11.
[12] *Id.* at 8-9; *see Granfinanciera, Granfinanciera. S.A. v. Nordberg*, 492 U.S. 33, 61 (1989).

      ii. *The Debtor-Plaintiff's Position*

The Debtor argues that there is no cause shown for permissive withdrawal because a turnover action under Section 542(b) of the Bankruptcy Code is an inherently core claim. The Notes, as argued, are already property of the bankruptcy estate, as matured and payable on December 11, 2020, and the turnover action only concerns federal bankruptcy law.[13] The Debtor argues that the defenses and disputes raised by HCMFA-Defendant do not restrict the Debtor's ability to collect property of the estate under 11 U.S.C. § 542(b).[14]

The Debtor does not directly, in its Response, address whether jury trial rights exist for HCMFA-Defendant. Rather, the Debtor focuses on the core nature of the turnover action and the forum shopping attempts by HCMFA-Defendant.

As far as timing, the Debtor argues that, if the court finds permissive withdrawal of the reference is appropriate, the reference should not be withdrawn until after the parties are trial-ready, and all pretrial matters should be handled by the bankruptcy court until such time.

## III. THE BREACH OF CONTRACT CLAIMS AT THE CENTER OF THE ADVERSARY PROCEEDING ARE NONCORE CLAIMS, AND THE PENDING ADMINISTRATIVE EXPENSE CLAIM OF HCMFA-DEFENDANT IS UNRELATED TO THEM

Permissive withdrawal of the reference is described in 28 U.S.C. § 157(d) as follows: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." The Bankruptcy Code does not define "cause shown," but the United States Court of Appeal for the Fifth Circuit, interpreting

---

[13] *See Tow v. Park Lake Cmtys., LP*, 2018 U.S. Dist. LEXIS 1720, at *3-*5 (S.D. Tex. Jan. 4, 2018); *see also Porretto v. Nelson (In re Porretto)*, 2012 Bankr. LEXIS 4919, at *11-*12 (Bankr. S.D. Tex. Oct. 18, 2012); *see also Romo v. Monetmayor (In re Montemayor)*, 547 B.R. 684, 692 (Bankr. S.D. Tex. 2016) (bankruptcy court had authority under *Stern* to issue a final order in an action brought pursuant to Section 542(b), because an action "to turnover assets belonging to the bankruptcy estate [is] a matter which solely concerns federal bankruptcy law").
[14] *See Tow*, 2018 U.S. Dist. LEXIS 1720, at *3-*5; *see also Shaia v. Taylor (In re Connelly)*, 476 B.R. 223, 230 (Bankr. E.D. Va. 2012).

the Supreme Court case of *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, has identified a number of factors for courts to consider in determining whether permissive withdrawal of the reference is appropriate: (1) whether the matter is core or noncore; (2) whether the matter involves a jury demand; (3) whether withdrawal would further uniformity in bankruptcy administration; (4) whether withdrawal would reduce forum-shopping and confusion; (5) whether withdrawal would foster economical use of debtors' and creditors' resources; and (6) whether withdrawal would expedite the bankruptcy process.[15] Courts in this District have placed an emphasis on the first two factors.[16]

As explained by the Supreme Court in *Stern v. Marshall*, Congress has divided bankruptcy **proceedings** (*i.e.,* adversary proceedings or contested matter within a bankruptcy case)—over which there is bankruptcy subject matter jurisdiction—into three different categories: (a) those that "aris[e] under" Title 11; (b) those that "aris[e] in" a Title 11 case; and (c) those that are "related to" a case under Title 11.[17]  Further, those that arise under Title 11 or arise in a Title 11 case are defined as "core" matters[18] and those that are merely "related to" a Title 11 case are defined as "noncore" matters. The significance of the "core"/"noncore" distinction is that bankruptcy courts may statutorily enter final judgments in "core" proceedings in a bankruptcy case, while in "noncore" proceedings, the bankruptcy courts instead may only (absent consent from all of the parties) submit proposed findings of fact and conclusions of law to the district court, for that court's review and issuance of final judgment. This is the statutory framework collectively set forth in 28 U.S.C. § 1334 and 28 U.S.C. § 157.  But while a proceeding may be "core" in nature, under 28

---

[15] *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985); *Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 115-23 (N.D. Tex. 2006); 458 U.S. 50 (1982).
[16] See *Mirant*, 337 B.R. at 115-122.
[17] 28 U.S.C. § 1334(b); *Stern v. Marshall*, 564 U.S. 462, 473-474 (2011).
[18] *Stern*, 564 U.S. at 473-474.  Core proceedings include, but are not limited to, 16 different types of matters, including "counterclaims by [a debtor's] estate against persons filing claims against the estate." 28 U.S.C. § 157(b)(2)(C).

U.S.C. § 157(b)(2), and the bankruptcy court, therefore, has the *statutory* power to enter a final judgment on the claim under 28 U.S.C. § 157(b)(1), *Stern* instructs that any district court, in evaluating whether a bankruptcy court has the ability to issue final orders and judgments, must resolve not only: (a) whether the bankruptcy court has the statutory authority under 28 U.S.C. § 157(b) to issue a final judgment on a particular claim; but also (b) whether the conferring of that authority on an Article I bankruptcy court is *constitutional* (and this turns on whether "the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process").[19]

With respect to the claims asserted against HCMFA-Defendant, it might be argued that both counts asserted against it are *statutorily* core in nature.[20] While Count 1 is a breach of contract claim for collection of amounts due under promissory notes—one of the simplest forms of a state law lawsuit—it might be argued that Count 1 is statutorily core under the catchall provision of 28 U.S.C. § 157(b)(2)(O), as the resolution of the claim would be "affecting the liquidation of the assets of the estate." However, this position would not pass constitutional muster. The cause of action does not stem from the bankruptcy itself (*i.e.,* it stems from alleged defaults on pre-petition notes) and would not be resolved through the claims allowance process (*since no pending proof of claim exists and the administrative expense claim is not directly related to the Notes*). In other words, the resolution of Count 1 is not so inextricably intertwined with the resolution of HCMFA-Defendant's still-remaining administrative expense claim so as to confer constitutional authority on the bankruptcy court to enter a final judgment on the breach of contract claims.

Count 2, the turnover cause of action, is brought pursuant to 11 U.S.C. § 542(b) and is listed as statutorily core under 28 U.S.C. § 157(b)(2)(E). If Count 2 were freestanding and the debts due

---

[19] *Stern*, 564 U.S. at 499.
[20] 28 U.S.C. § 157(b)(2)(E), (O).

under the Notes were undisputed, it is unrefuted by HCMFA-Defendant that a turnover action under 11 U.S.C. § 542(b) would be both a statutory and constitutional core claim. ***The issue is whether a turnover action to collect on a disputed pre-petition promissory note can be viewed as a core claim***. There is a split in authority on this issue. The Debtor cites authority that a turnover action is a core claim when collecting ***matured*** debts, as property of the estate, regardless of whether the indebtedness is ***disputed***.[21] In contrast, HCMFA-Defendant cites authority that the scope of turnover claims under the Bankruptcy Code should not be expanded to encompass debts in dispute that arose outside of bankruptcy, including authority from this court.[22]

This court views the turnover claim as derivative of the breach of contract claims. The breach of contract claims are clearly non-core, and the bankruptcy court lacks constitutional authority to confer jurisdiction over them (absent consent—which does not exist here). A turnover action under 11 U.S.C. § 542(b) cannot be tacked onto a complaint so as to confer authority in the bankruptcy court to adjudicate an otherwise non-core claim. To hold otherwise would run counter to the dictates of the Supreme Court in *Marathon*.

In summary, this court believes that the turnover claim in the Complaint, to collect on a disputed indebtedness under the Notes, "do[es] not fall within the scope of turnover actions as

---

[21] *Shaia*, 476 B.R. at 230 ("To properly constitute a core proceeding under § 157(b)(2)(E), the debt must be 'matured, payable on demand, or payable on order.' 'Matured' refers to 'debts that are presently payable, as opposed to those that are contingent and become payable only upon the occurrence of a certain act or event.' …. While the Defendants assert they are not indebted to the Trustee, it is simply not relevant that the Defendants dispute liability on the instrument. The presence of a dispute does not preclude a debt from being matured. … A cause of action is a turnover proceeding under § 542(b) of the Bankruptcy Code where it seeks collection rather than creation or liquidation of a matured debt."); *see also In re Willington Convalescent Home, Inc.*, 850 F.2d at 52 n.2 ("The mere fact that Connecticut denies that it owes the matured debt for Willington's services because of a recoupment right 'does not take the trustee's action outside the scope of section 542(b)'").

[22] *In re Se. Materials, Inc.*, 467 B.R. 337, 354 (Bankr. M.D.N.C. 2012)( The distinction is when "an adversary proceeding presents a bona fide dispute as to liability, the matter cannot be viewed as a turnover proceeding"); *In re Satelco, Inc.*, 58 B.R. 781, 789 (Bankr. N.D. Tex. 1986) ("[T]his Court holds that actions to collect accounts receivable based upon state law contract principles do not fall within the scope of turnover actions as contemplated by § 542 and § 157(b)(2)(E), absent a final judgment from a court of competent jurisdiction, a stipulation, or some other binding determination of liability.").

contemplated by § 542 and § 157(b)(2)(E)," absent a judgment or stipulation resolving the dispute as to the indebtedness.[23] Thus, the turnover claim, as brought, is not a core claim that the bankruptcy court can finally adjudicate, absent the consent of all parties.

## IV. JURY TRIAL RIGHTS AND DEMAND

Pursuant to 28 U.S.C. § 157(e), if a litigant has the right to a jury trial under applicable non-bankruptcy law, a bankruptcy court may conduct the jury trial only if: (a) the matters to be finally adjudicated fall within the scope of bankruptcy subject matter jurisdiction; (b) the district court of which the bankruptcy court is a unit authorizes the bankruptcy court to do so; and (c) all of the parties consent.[24]

Starting first with whether a right to a jury trial even exists, the Seventh Amendment, of course, provides a jury trial right in cases in which the value in controversy exceeds twenty dollars and the cause of action is to enforce statutory rights that are at least analogous to rights that were tried at law in the late 18th century English courts.[25] Suits "at law" refers to "suits in which legal rights were to be ascertained and determined" as opposed to "those where equitable rights alone were recognized and equitable remedies were administered."[26] This analysis requires two steps: (1) a comparison of the "statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity"; and (2) whether the remedy sought is "legal or equitable in nature . . . [t]he second stage of this analysis" being "more important than the first."[27]

---

[23] *Satelco*, 58 B.R. at 789.
[24] "If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e) (West 2019).
[25] *See City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 708 (1999).
[26] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).
[27] *See Levine v. M & A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 205 (S.D. Tex. 2008) (quoting *Granfinanciera*, 492 U.S. at 42).

It is well established that the act of filing a proof of claim can operate to deprive a creditor of a jury trial right, by subjecting a claim, that would otherwise sound only in law, to the equitable claims allowance process.[28] Thus, if both of HCMFA-Defendant's proofs of claims were *pending*, it would have consented to the bankruptcy court's equitable jurisdiction and waived its right to a jury trial as to the subject matter of the *pending* proofs of claim.[29] However, as earlier noted, prior to the commencement of this Adversary Proceeding on January 22, 2021, HCMFA-Defendant had both of its proofs of claim disallowed on October 9, 2020. The pending trial over the administrative expense claim sought by HCMFA-Defendant is separate from the collection under the Notes. Without a pending claim related to the Notes, the breach of contract claims is precisely the kind of action that would sound in law rather than in equity. By not having a filed proof of claim related to the Notes, HCMFA-Defendant never subjected the Notes to the claims allowance process of the bankruptcy court and preserved its right to a jury trial on the Notes.[30]

To reiterate, HCMFA-Defendant's remaining administrative expense claim is not directly related to the collection on the Notes, and it has not otherwise consented to the jurisdiction of the bankruptcy court for claims related to the Notes. HCMFA-Defendant has also not consented to the bankruptcy court conducting a jury trial pursuant to 11 U.S.C. § 157(e).

In summary, HCMFA-Defendant's lack of waiver of its jury trial rights, expressly or impliedly, is further reason why the bankruptcy court does not believe it can finally adjudicate the claims in the Adversary Proceeding.

---

[28] *See Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990).
[29] *Id.*
[30] *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995) ("[T]he successful withdrawal of a claim pursuant to Fed. R. Bankr. P. 3006 prior to the trustee's initiation of an adversarial proceeding renders the withdrawn claim a legal nullity and leaves parties as if the claim had never been brought."); *In re Goldblatt's Bargain Stores, Inc.*, No. 05 C 03840, 2005 WL 8179250, at *5 (N.D. Ill. Dec. 6, 2005) (claims withdrawn before adversary proceeding are as if never filed); *see generally, In re Manchester, Inc.*, No. 08-30703-11-BJH, 2008 WL 5273289, at *3-6 (Bankr. N.D. Tex. Dec. 19, 2008) (permissible to withdraw a claim to preserve jury trial right).

## V.  PENDING MATTERS

No dispositive motions, or any other motions, remain pending at this time. The court has not granted a stay pending resolution of the Motion in the Adversary Proceeding.[31] At this point, the parties are not trial-ready.

## VI.  RECOMMENDATION

In light of: (a) the noncore, related-to claims in the Complaint; (b) the lack of a proof of claim or any other claim related to the Notes asserted by HCMFA-Defendant; and (c) the lack of any other consent by HCMFA-Defendant to the equitable jurisdiction of the bankruptcy court related to the Notes, the bankruptcy court recommends the District Court: refer all pre-trial matters to the bankruptcy court, and grant the Motion upon certification by the bankruptcy court that the parties are trial-ready.

With regard to such pretrial matters, the bankruptcy court further recommends that, to the extent a dispositive motion is brought that the bankruptcy court determines should be granted and would finally dispose of claims in this Adversary Proceeding, the bankruptcy court should submit a report and recommendation to the District Court for the District Court to adopt or reject.

***END OF REPORT AND RECOMMENDATION***

---

[31] The court did grant a stay pending resolution of the motion to withdraw the reference in the related case of *Highland Capital Management, L.P. v. Dondero* (Adversary Case No. 21-03003).

United States Bankruptcy Court

Northern District of Texas

Highland Capital Management, L.P.,
    Plaintiff

Adv. Proc. No. 21-03004-sgj

Highland Capital Management Fund Advisor,
    Defendant

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0539-3 | User: mmathews | Page 1 of 2 |
| Date Rcvd: Jul 08, 2021 | Form ID: pdf012 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 10, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Highland Capital Management Fund Advisors, L.P., K&LGates LLP, c/o Stephen G. Topetzes, 1600 K Street, NW, Washington, DC 20006-2806 |
| clmagt | + | Kurtzman Carson Consultants LLC, Attn: Drake Foster, 222 N. Pacific Coast Highway, Ste. 300, El Segundo, CA 90245-5614 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 10, 2021        Signature:    /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 8, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Davor Rukavina | on behalf of Defendant Highland Capital Management Fund Advisors  L.P. drukavina@munsch.com |
| Julian Preston Vasek | on behalf of Defendant Highland Capital Management Fund Advisors  L.P. jvasek@munsch.com |
| Juliana Hoffman | on behalf of Creditor Committee Official Committee of Unsecured Creditors jhoffman@sidley.com txefilingnotice@sidley.com;julianna-hoffman-8287@ecf.pacerpro.com |
| Melissa S. Hayward | on behalf of Plaintiff Highland Capital Management  L.P. MHayward@HaywardFirm.com, mholmes@HaywardFirm.com |
| Paige Holden Montgomery | |

District/off: 0539-3 | User: mmathews | Page 2 of 2
Date Rcvd: Jul 08, 2021 | Form ID: pdf012 | Total Noticed: 2

on behalf of Creditor Committee Official Committee of Unsecured Creditors pmontgomery@sidley.com txefilingnotice@sidley.com;paige-montgomery-7756@ecf.pacerpro.com;crognes@sidley.com;ebromagen@sidley.com;efilingnotice@sidley.com

Zachery Z. Annable

on behalf of Plaintiff Highland Capital Management L.P. zannable@haywardfirm.com

TOTAL: 6