SIDLEY AUSTIN LLP
Penny P. Reid
Paige Holden Montgomery
Juliana L. Hoffman
2021 McKinney Ave., Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

Matthew A. Clemente (admitted pro hac vice)
Dennis M. Twomey (admitted pro hac vice)
Alyssa Russell (admitted pro hac vice)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel for the Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>　　Debtor. | § § § § § § § § | Chapter 11<br><br>Case No. 19-34054-sgj-11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>　　Plaintiff,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.,<br><br>　　Defendant. | § § § § § § § § § § § § § | Adv. No. 21-03004 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>　　Plaintiff,<br><br>v. | § § § § § § § | Adv. No. 21-03005 |

| | |
|---|---|
| NEXPOINT ADVISORS, L.P., | § |
| | § |
| Defendant. | § |
| | § |
| | § |
| | § |
| | § |

## THE OFFICIAL COMMITTEE OF UNSECURED CREDITOR AND THE LITIGATION ADVISOR'S OBJECTION TO HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. AND NEXPOINT ADVISORS, L.P.'S MOTION FOR ENTRY OF PROTECTIVE ORDER

The official committee of unsecured creditors (the "Committee"), along with Teneo Capital, LLC, as litigation advisor to the Committee and the future Litigation Trustee[1] to the Litigation Sub-Trust (the "Litigation Advisor"), hereby submits this objection (the "Objection") to the *Motion for Entry of Protective Order* [HCMFA A.P. Docket No. 42 and NPA A.P. Docket No. 37][2] filed by Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P. (collectively, the "Advisors") in the above-captioned Adversary Proceedings (the "Motion for Protective Order"). In support of this Objection, the Committee and Litigation Advisor respectfully state as follows:

### RELEVANT BACKGROUND

1.  On October 16, 2019, Highland Capital Management, L.P. ("the Debtor") filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code, (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor, until the Effective Date

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

[2] "HCMFA A.P. Docket" refers to the docket of the adversary proceeding captioned *Highland Capital Management, L.P. v. Highland Capital Management Fund Advisors, L.P.*, Adv. No. 21-3004 and "NPA A.P. Docket" refers to the docket of the adversary proceeding captioned *Highland Capital Management, L.P. v. NexPoint Advisors, L.P.*, Adv. No. 21-3005. These adversary proceedings are collectively referred to as the "Adversary Proceedings."

of the Plan (as defined herein), continued to operate its businesses and manage its properties and assets as debtor in possession.

2. On October 29, 2019, the Office of the United States Trustee held a meeting to appoint the official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code. At its formation, the Committee consisted of the following four members: (a) Redeemer Committee of Highland Crusader Fund ("Redeemer"); (b) Meta-E Discovery; (c) UBS Securities LLC and UBS AG London Branch (together, "UBS"); and (d) Acis Capital Management, L.P. and Acis Capital Management GP, LLP (together, "Acis"). Acis, Redeemer, and UBS resigned from the Committee effective as of April 15, 2021, April 30, 2021, and August 9, 2021, respectively. Therefore, until the Effective Date of the Plan (as defined herein), the Committee consists of Meta-E Discovery.

3. On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's Bankruptcy Case to this Court [Docket No. 186].

4. On January 9, 2020, the Court approved the *Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* [Docket. No. 28], approving a settlement between the Debtor and the Committee concerning, among other things, governance of the Debtor and the pursuit of claims held by the Debtor. The approved settlement was embodied in a term sheet filed on the docket [Docket No. 354] (the "Term Sheet"). Pursuant to the Term Sheet, the Committee was granted standing to pursue the "Estate Claims," defined as "any and all estate claims and causes of action against Dondero, Mark Okada, other insiders of the Debtor, and each of the Related Entities, including promissory notes held by any of the foregoing." (*See* Term Sheet at 4.)

5. On January 21, 2020, the Court entered an order approving a protective order negotiated between the Debtor and the Committee, which governs document production in the Bankruptcy Case [Docket No. 382] (the "Agreed Protective Order).

6. On November 24, 2020, the Debtor filed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1472] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan"), which was confirmed by the Bankruptcy Court on February 22, 2021, pursuant to the *Findings of Fact and Order Confirming Plan of Reorganization for the Debtor* [Docket No. 1943, at 61] (the "Confirmation Order").

7. Upon the Effective Date of the Plan, the Claimant Trust will be issued new Limited Partnership Interests in the Debtor and assume management of the Debtor and a sub-trust of the Claimant Trust—the Litigation Sub-Trust—will be created. (Plan at 26.) The Claimant Trust and the Litigation Sub-Trust are both created for the benefit of the holders of claims and interests in the Debtor. Specifically, the Litigation Sub-Trust will be "appointed as the successor-in-interest to, and representative of, the Debtor and its Estate for the retention, enforcement, settlement, and adjustment of all Estate Claims[3] and Employee Claims." (*Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (with Technical Modifications)* [Docket No. 1811], Exhibit T [Docket No. 1811-4 at Article II, Section 2.2] (the "Litigation Sub-Trust Agreement").) As such, the Litigation Sub-Trust will "serve as a mechanism for investigation, prosecuting, settling, resolving, and otherwise monetizing all Estate Claims." (*Id.*)

---

[3] "Estate Claims" has the same meaning given to it in Exhibit A of the Term Sheet. (*See* Litigation Sub-Trust Agreement at 3.)

8. Because the effective date of the Plan and formation of the Litigation Sub-Trust has been delayed, on May 14, 2021, the Committee filed its *Application for Order Pursuant to Section 1103 of the Bankruptcy Code Authorizing the Employment and Retention of Teneo Capital, LLC as Litigation Advisor to the Official Committee of Unsecured Creditors Effective April 15, 2021* [Docket No. 2306] to retain and employ Teneo Capital, LLC as Litigation Advisor to the Committee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, effective April 15, 2021, to perform litigation advisory services for the Committee in this chapter 11 case. On June 10, 2021, the Court approved the application for retention of the Litigation Advisor [Docket No. 2443] (the "Order Granting Retention of Litigation Advisor"). Upon the Effective Date, the Litigation Advisor role will transition to the Litigation Sub-Trust role, and Marc S. Kirschner will become the Litigation Trustee. The Committee will be dissolved. (Plan at 47.)

## OBJECTION

9. Pursuant to the Bankruptcy Code, " a creditors' committee . . . may raise and may appear and be heard on any issue in a case under this chapter." *See* 11 U.S.C.A. § 1109(b).

10. Through their Motion for Protective Order, the Advisors request that the Court enter a protective order [HCMFA A.P. Docket No. 42-1; NPA A.P. Docket No.37-1] (the "Proposed Protective Order") that would specifically exclude important entities from receiving Confidential and Highly Confidential Information (as defined in the Proposed Protective Order). (Mot. for Protective Order ¶ 5; Proposed Protective Order ¶ 2.) The Proposed Protective Order effectively limits disclosure of Confidential and Highly Confidential Information to only (1) "Parties" to the Proposed Protective Order, defined as Highland Capital Management L.P. and the Advisors, and (2) a Party's parents, subsidiaries, affiliates, officers, directors, employees, contractors, attorneys, financial advisors, and other professionals engaged by the Party. (Proposed Protective Order ¶¶

5

2, 4.) This definition does not appear to include the Committee, the Litigation Advisor, or the Litigation Sub-Trust. Indeed, in the Motion for Protective Order, the Advisors explicitly assert that the Committee should be <u>excluded</u> from the Proposed Protective Order. (Mot. for Protective Order ¶ 5.)

11. But the Advisors ignore that the Committee and the Litigation Advisor (and the future Litigation Sub-Trust) have an interest in these Adversary Proceedings because they relate to potential recovery to creditors. Moreover, the quickly-approaching Effective Date of the Plan will significantly change the landscape of these Adversary Proceedings, as the forthcoming Litigation Sub-Trust and Claimant Trust will be established and tasked with maximizing recoveries for the Debtor's creditors, which includes prosecution of these Adversary Proceedings. The Proposed Protective Order does not take any of these issues into consideration.

12. Additionally, pursuant to the Term Sheet, the Committee was granted standing to pursue Estate Claims for the benefit of the Debtor's estate and the unsecured creditors, and the Litigation Advisor was recently retained to perform litigation advisory services to the Committee in anticipation of the Effective Date of the Plan. (Term Sheet at 4; Order Granting Retention of Litigation Advisor at 2.) This broad grant of standing includes claims like those raised in this Adversary Proceeding. (*See* Term Sheet at 4.) As such, the Committee and the Litigation Advisor should not be precluded from accessing the Confidential and Highly Confidential documents and information produced in these Adversary Proceedings.

13. This access is particularly important in this case. Pursuant to the terms of the Plan, as of the Effective Date, the Litigation Sub-Trust and the Claimant Trust are charged with investigating, pursuing, and monetizing causes of action for the benefit of the Debtor's creditors, which includes the prosecution of these Adversary Proceedings (Litigation Sub-Trust Agreement

at Article II, Section 2.2; *see Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (with Technical Modifications)* [Docket No. 1811-2 at Article III, Section 3.2] (the "Claimant Trust Agreement").) For the Litigation Sub-Trust to fulfill its duties and obligations, it is imperative that it have access to the Confidential and Highly Confidential Information produced in these Adversary Proceedings.[4]

14. The Motion ignores these obligations, and argues only that there is "no reason why [the Committee and the United States Trustee] should receive confidential information produced in the Adversary Proceeding." (Mot. for Protective Order at ¶ 5(c).) This is simply untrue. First, the Committee is currently seeking approval to serve both movants with Rule 2004 requests that will likely overlap with the discovery that will be produced in this Adversary Proceeding. (*See Motion of the Official Committee of Unsecured Creditors and the Litigation Advisor for Entry of an Order Authorizing the Examination of Rule 2004 Parties Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Docket No. 2620].). Second, excluding the Committee and Litigation Sub-Trust from the terms of any protective order applicable to the Adversary Proceedings would require duplicative discovery requests (pursuant to conflicting confidentiality protections) and increase the already high costs of these proceedings. Any discovery produced pursuant to the Rule 2004 requests will be subject to the Agreed Protective Order pending in the main proceeding, whereas if the Motion is granted, these Adversary Proceedings would be unnecessarily and confusingly subject to different terms. That is simply a waste of time and resources.

---

[4] Moreover, when the Plan goes effective, the Committee will be dissolved and the Oversight Board will be established. Pursuant to the terms of the Plan, the Oversight Board will oversee the activities of the Litigation Sub-Trust and Litigation Trustee. (*See* Claimant Trust Agreement at Article IV, Section 4.2.) Therefore, in order for the Oversight Board to effectively fulfil its duties under the Plan, it must also be able to access Confidential and Highly Confidential Information produced in these Adversary Proceedings.

15. Finally, protective orders sheltering documents from public disclosure are intended to protect "trade secret or other confidential research, development, or commercial information." FRCP 26(c)(1)(G). Neither the Committee nor the Litigation Sub-Trust is a competitor or other person from whom documents related to these Adversary Proceedings should be withheld. There is no rational basis to seek to exclude either from a protective order in this Adversary Proceeding. *See TNA Australia Pty Ltd. v. PPM Techs, LLC*, No. 3:17-cv-642-M, 2018 WL 2010277, at *12 (N.D. Tex. Apr. 30, 2018) ("A party resisting discovery under Federal Rule of Civil Procedure 26(c)(1)(G) must first establish that the information sought is a trade secret or other confidential information and then demonstrate that its disclosure would cause an identifiable, significant harm.") (internal quotation marks omitted); *see also Sanchez v. Prop. & Cas.*, No. H-09-1736, 2010 WL 107606, at *2 (S.D. Tex. Jan. 7, 2010) (defendant did not meet burden for protective order when it failed to articulate any specific harm that would flow from allowing a party's counsel access to documents).

16. For these reasons, the Committee and the Litigation Advisor respectfully request that the Court deny the Motion for Protective Order and, instead, if needed, clarify that the Agreed Protective Order already approved by this Court is applicable to this Adversary Proceeding. The Proposed Protective Order is allegedly "substantially similar" to the Agreed Protective Order, "except that the [P]roposed Protective Order will be specifically applicable to these Adversary Proceedings." (Mot. for Protective Order ¶ 11.) By the terms of the Agreed Protective Order, the Court "retains exclusive jurisdiction for matters arising from or related to this Order, including but not limited to after confirmation of any plan of reorganization or conversion of this Bankruptcy Case." (Agreed Protective Order ¶ 18.) Further, the Court "reserves the right to amend this Order

upon a motion of any party in interest after notice and a hearing." (*Id.*)  Therefore, the Court may order that the Agreed Protective Order is applicable in this Adversary Proceeding.

17. The Committee and Litigation Advisor further respectfully requests the Court grant the Committee and Litigation Advisor such other and further relief as this Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: August 9, 2021<br>Dallas, Texas | SIDLEY AUSTIN LLP<br>/s/ *Paige Holden Montgomery*<br>Penny P. Reid<br>Paige Holden Montgomery<br>Juliana L. Hoffman<br>2021 McKinney Avenue<br>Suite 2000<br>Dallas, Texas 74201<br>Telephone: (214) 981-3300<br>Facsimile: (214) 981-3400<br><br>-and-<br><br>Matthew A. Clemente (admitted *pro hac vice*)<br>Dennis M. Twomey (admitted *pro hac vice*)<br>Alyssa Russell (admitted *pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br><br>COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS |

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that on August 9, 2021, a true and correct copy of the foregoing objection will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

                                            */s/ Chandler Rognes*