PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § § | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § | |
| Plaintiff, | § § | Adversary Proceeding No. |
| vs. | § § § | 21-03004-sgj |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § § § § | |
| Defendant. | § | |

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

**PLAINTIFF'S THIRD AMENDED NOTICE OF RULE 30(B)(6) DEPOSITION
TO HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable herein pursuant to Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, Highland Capital Management, L.P., the plaintiff in the above-referenced adversary proceeding in the above-captioned chapter 11 case, shall take the deposition of Highland Capital Management Fund Advisors, L.P. ("HCMFA") by the person(s) most qualified to testify on HCMFA's behalf with respect to the topics described in **Exhibit A** attached hereto on **December 1, 2021, commencing at 10:00 a.m. Central Time** or at such other day and time as the Plaintiff may agree in writing. The deposition will be taken under oath before a notary public or other person authorized by law to administer oaths and will be visually recorded by video or otherwise.

The deposition will be taken remotely via an online platform due to the coronavirus pandemic such that no one will need to be in the same location as anyone else in order to participate in the deposition and by use of Interactive Realtime.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

Dated: November 30, 2021.　　　　　　　**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ John A. Morris*
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:　　jpomerantz@pszjlaw.com
　　　　　　ikharasch@pszjlaw.com
　　　　　　jmorris@pszjlaw.com
　　　　　　gdemo@pszjlaw.com

-and-

**HAYWARD PLLC**

Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**EXHIBIT A**

**DEFINITIONS**

1. "<u>Amended Answer</u>" means *Defendant's Amended Answer* lodged in the above-referenced adversary proceeding at Docket No. 48.

2. "<u>Bankruptcy Case</u>" refers to the above-referenced bankruptcy case styled as *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj11.

3. "<u>Communications</u>" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any ESI (and any attachments thereto), Documents, telephone conversations, text messages, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

4. "<u>Concerning</u>" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

5. "<u>Discovery Requests</u>" means (i) the *Debtor's First Requests for Admission Directed to Highland Capital Management Fund Advisors, L.P.*, (ii) the *Debtor's First Request for Production of Documents Directed to Highland Capital Management Fund Advisors, L.P.*, and (iii) the *Debtor's First Interrogatories Directed to Highland Capital Management Fund Advisors, L.P.*

6. "<u>Document</u>" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whoever produced, reproduced, disseminated or made. This includes, but is not limited to, Communications, ESI, "writings" as defined by Rule 1001 of the Federal Rules of Evidence, copies or drafts, and any tangible or

intangible thing or item that contains any information.  Any Document that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another Document, is to be considered a separate Document.

7. "Exhibits" refers to each of the documents identified as Exhibits 28-66 on *Debtor's Amended Witness and Exhibit List with Respect to Hearing to Be Held on May 25, 2021* lodged in the above-referenced adversary proceeding at Docket No. 35.

8. "HGAF" shall have the meaning ascribed to that term in paragraph 38 of the Amended Answer.

9. "Highland" means Highland Capital Management, L.P.

10. "Insurance Claim" means any claim that You filed for insurance coverage Concerning the NAV Error.

11. "Motion to Amend" means *Defendant's Motion for Leave to Amend Answer* lodged in the above-referenced adversary proceeding at Docket No. 32.

12. "NAV Error" means the error made in calculating the net asset value of the equity interests HGAF held in TerreStar that were sold in March 2018.

13. "Notes" shall have the meaning ascribed to that term in paragraph 15 of the *Complaint for (I) Breach of Contract and (II) Turnover of Property of the Debtor's Estate* lodged in the above-referenced adversary proceeding at Docket No. 1.

14. "Original Answer" means *Defendant's Original Answer* lodged in the above-referenced adversary proceeding at Docket No. 6.

15. "Retail Board" means any board of trustees or directors of any fund to which You provide advisory services.

16. "Sauter Declaration" means the *Declaration of Dennis C. Sauter, Jr.* lodged in the above-referenced adversary proceeding at Docket No. 32-1.

17. "<u>You</u>" or "<u>Your</u>" means Highland Capital Management Fund Advisors, L.P., and anyone authorized to act on its behalf.

### **Rule 30(b)6) Topics**

**Topic No. 1:**

Your Original Answer.

**Topic No. 2:**

Your Amended Answer

**Topic No. 3:**

Each Affirmative Defense asserted in Your Amended Answer, including but not limited to all facts and circumstances, Communications, and Documents Concerning each Affirmative Defense.  *See* Answer ¶¶ 38-47.

**Topic No. 4:**

The Notes, including but not limited to (a) the negotiation of the Notes, (b) the terms of the Notes, (c) Communications Concerning the Notes, (d) any payments of principal or interest made by You or on Your behalf with respect to the Notes, (e) the use of the proceeds of the Notes, (f) Your communications with Your outside auditors Concerning the Notes and the obligations thereunder, and (g) any agreements Concerning the Notes.

**Topic No. 5:**

The Exhibits.

**Topic No. 6:**

The Motion to Amend.

**Topic No. 7:**

The Sauter Declaration.

**Topic No. 8:**

3

Any Insurance Claim that You filed, including but not limited to: (a) any proceeds You received on account of any Insurance Claim; (b) any deductible paid by You in connection with any Insurance Claim; (c) the date You received any insurance proceeds on account of any Insurance Claim; (d) the use of the proceeds from any Insurance Claim; and (e) any Communications with any insurance carrier that processed any Insurance Claim.

**Topic No. 9:**

Any "consent fee" paid by You in April or May 2019, including the amount, date of payment, and source of funding for any such "consent fee."

**Topic No. 10:**

Your accounting for (a) the $2.4 million transferred from Highland to You on May 2, 2019, and (b) the $5 million transferred from Highland to You on May 3, 2019.

**Topic No. 11:**

Communications in 2020 with any Retail Board concerning any amounts due and owing by You to Highland, including but not limited to the disclosures You made to any Retail Board in October 2020.

**Topic No. 12:**

All Communications that You made in the Bankruptcy Case Concerning the Notes, including in any pleading, court filing, or argument.

**Topic No. 13:**

The identity (including the title or position) of each of Your officer(s), director(s), direct and indirect owner(s), and employee(s) for the period January 1, 2018 through the present.

**Topic No. 14:**

Your responses to the Discovery Requests.