Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email:  drukavina@munsch.com

ATTORNEYS FOR HIGHLAND CAPITAL
MANAGEMENT FUND ADVISORS, L.P.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Debtor. | § § § § § § § | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.<br><br>Defendant. | § § § § § § § § § § § § § | Adv. No. 21-03004 |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
SECOND MOTION FOR LEAVE TO AMEND ANSWER**

TO THE HONORABLE STACEY G. C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

COMES NOW Highland Capital Management Fund Advisors, L.P. ("HCMFA"), the defendant in the above styled and numbered Adversary Proceeding, and files this its *Reply* in support of its *Defendant's Second Motion for Leave to Amend Answer and Brief In Support Thereof* (the "Motion"), replying to the objection to the Motion filed by Highland Capital Management, L.P. (the "Debtor"), the plaintiff in this Adversary Proceeding, respectfully stating as follows:

## I.    SUMMARY

1. It is a fact that Mr. Waterhouse did not sign the Notes. Whether he authorized Ms. Hendrix to sign them electronically for him is a separate matter. It is also a fact that this was not learned until October 25, 2021, when the Debtor finally produced the originals of the Notes. It is also a fact that HCMFA requested the production of those originals in May, 2021 and that, as late as October 19, 2021, the Debtor was refusing to produce the same. Any delay was caused by the Debtor. The only issue is whether leave to assert an affirmative defense more expressly—that the Notes were not signed by Mr. Waterhouse—should be granted. Since Mr. Waterhouse did not sign them, and since the Debtor is responsible for any delay, leave should be freely granted. The Debtor's arguments in response do not address these discrete issues, but rather seek to try the underlying facts and allegations—something that cannot be done on a Rule 15 motion. And, the Debtor's arguments of prejudice are without merit: HCMFA informed the Debtor that it would be asserting this defense *before* the Debtor ever indicated any intention to seek summary judgment, and HCMFA filed its Motion weeks before the Debtor actually sought summary judgment. Likewise, the alleged need to take additional depositions is wrong. The only two individuals with knowledge of these facts have already been deposed and asked about these precise issues at length. There is therefore no "substantial reason" to deny the Motion.

## II.    REPLY

**A.    NO UNDUE DELAY; ANY DELAY WAS SOLELY THE DEBTOR'S FAULT**

2. The Debtor asserts that HCMFA delayed with respect to its affirmative defense that Mr. Waterhouse did not sign the Notes. It did not. Any delay is due solely to the Debtor's unexplained and unreasonable refusal to produce the originals of the Notes for almost five (5) months and until *after* the parties deposed Mr. Waterhouse. As late as October 19, 2021 and while

Mr. Waterhouse was being deposed, the Debtor was refusing—without explanation—to produce the originals of the Notes. *See* Motion at ¶ 4(ii)-(v).[1, 2]

3. Even so, there was no delay. As HCMFA has always explained, HCMFA did not know anything about the Notes. *See* HCMFA App. 4. When this Adversary Proceeding was filed, HCMFA was prevented from discussing the Notes with its own officer and with Debtor employees who knew some of the relevant background. *See id.* at 5 (¶¶ 14-21). Only after the Debtor terminated most of its employees and HCMFA was able to talk to former employees did HCMFA learn that the Notes were executed in error. *See id.* HCMFA promptly asked Mr. Waterhouse whether he signed the Notes and, at that time, having signed many, many documents over the

---

[1] Contemporaneously with the filing of this reply, HCMFA is filing its *Defendant's Supplemental Appendix in Support of its Second Motion for Leave to Amend Answer*, the pagination of which, beginning HCMFA APP 829, is continued from the *Defendant's Appendix in Support of Second Motion for Leave to Amend Answer* (Dkt. No. 87).

[2] Ms. Winograd states in her declaration that the Debtor produced the originals of the Notes on July 2, 2021. That production scrubbed the Metadata, meaning that it was impossible to know when the Notes were created, who created them, and whether, how, and when they were signed. HCMFA APP 829. Certainly, for example, if Mr. Waterhouse drafted the Notes and affixed his own electronic signature, then there would be no issue (and it is only now known that he did not prepare them or affix his signature, but that Ms. Hendrix instead did so). Had the Notes been produced in their original format with all Metadata, then HCMFA would not have been asking for them as late as October 19, 2021, and the Debtor would not have been refusing to produce the same. *See* Motion at p. 3, n. 3.

Likewise with respect to Mr. Morris' attempt to e-mail the originals of the Notes on October 25, 2021, the cover e-mail for which is included in Ms. Winograd's declaration. *See* Debtor APP. 781. Those Word documents came through with the Metadata scrubbed, probably due to an automatic e-mail filter. HCMFA APP 829-30, 832. Mr. Morris resent the same on October 26, 2021, with the Metadata. HCMFA APP 830. That was the first time that the Debtor produced the originals of the Notes in their native format with Metadata and the first time that it was learned that Ms. Hendrix prepared the Notes and affixed Mr. Waterhouse's electronic signature.

In fact, it was not until October 23, 2021, during negotiations concerning discovery, that the Debtor agreed to produce the originals: "We also expect to produce to you the Word versions of each of the Notes in advance of the depositions . . . Davor, based on Highland's willingness to produce the Word versions of the Notes, please confirm that HCMFA and NexPoint will produce reasonably in advance of Mr. Dondero's deposition their actual 15c responses to the Retail Board from later 2020." HCMFA APP 834-35. Counsel for both the Debtor and HCMFA would not have engaged in these discussions had the Debtor in fact produced the originals of the Notes beforehand.

This agreement and production was the culmination of negotiations concerning the production of the originals. HCMFA APP 836 (October 15, 2021 e-mail requesting the production of the "word versions of all of the Notes at issue" and Debtor responding that it will "look into it.").

years, he informed HCMFA that he must have because the signatures were his. *See id.* at 7 (¶¶ 22-23). HCMFA acted promptly in asking this question—only the facts were not then known. Without having the originals, HCMFA could not inquire further, but it never delayed in inquiring into whether the Notes were signed. Even so, on May 22, 2021, once HCMFA began learning the background, it filed its motion for leave to amend its answer to assert affirmative defenses, in which HCMFA denied having executed the Notes. *See* Docket No. 32 and Docket No. 48 at ¶¶ 13-14. Since May 22, 2021, the Debtor has known that HCMFA was denying that it signed the Notes, even though, at that time, the fact that the Notes were not even actually signed by Mr. Waterhouse was still not known. And then, for five (5) months, the Debtor inexplicably refused to produce the originals of the Notes even though it responded to discovery in late June, 2021 that it would produce them. *See* Motion at ¶ 4 and p. 3, n. 3.

4.     The Debtor does not address the foregoing facts and instead makes the sweeping argument that "HCMFA knew, or should have known, of the facts upon which the Proposed Amendment is based given the litany of events between May 2019 and July 2021 that should have caused HCMFA to inquire." Response Brief at ¶ 66. This argument appears to address HCMFA's underlying defense that the Notes were created in error but it does not address the actual issue before the Court, which is that Mr. Waterhouse did not sign the Notes or authorize their execution using his electronic signature. Nothing between May, 2019 and July, 2021 would lead HCMFA to reasonably suspect this—in fact, HCMFA was not aware of the Notes until shortly before this litigation and, with the originals in the Debtor's possession, *not* HCMFA's possession, HCMFA could not ascertain even the simple fact that the Notes were signed electronically by Ms. Hendrix. The Debtor dos not seriously attempt to demonstrate any actual delay regarding this issue, which is the only relevant one.

5.      A party asserting undue delay to defeat a Rule 15 motion must present evidence of undue delay. *See, e.g., Onasset Intelligence Inc. v. 7PSolutions, LLC,* 2013 U.S. Dist. LEXIS 195013 at *23 (N.D. Tex. 2013). The Debtor's sweeping statement that HCMFA should have known that Mr. Waterhouse did not sign the note between 2019 and 2021 is not evidence; it is a conclusory statement. And, the Debtor offers no evidence to support this conclusion (such as some prior e-mail or statement by Mr. Waterhouse that he did not sign the Notes). On the contrary, the only evidence is that Mr. Waterhouse himself *assumed* that he signed the Notes until the October depositions when the Debtor finally ended up producing the originals.

B.      **THE PROPOSED AMENDMENT IS NOT FUTILE**

6.      The Debtor argues that the relief requested in the Motion is futile because "there is a complete absence of evidence to support the notion that Mr. Waterhouse did not sign and authorize the HCMFA Notes, and all of the testimonial and documentary evidence goes the other way." Response Brief at p. 20. HCMFA does not understand how the Debtor can make this argument. It is a fact that Mr. Waterhouse did not sign the Notes and that Ms. Hendrix instead affixed his electronic signature. *See* Motion at ¶¶ 29-37. Less clear is whether he authorized Ms. Hendrix to do so, on which there is conflicting evidence, but to say that "all . . . of the evidence goes the other way" is demonstrably false. And, that Mr. Waterhouse may have been copied on e-mails concerning the creation of the Notes does not mean that he signed them or that he authorized his electronic signature.

7.      Regardless, the Debtor's arguments on futility are irrelevant because the Debtor asks the Court to effectively try the underlying facts. This argument is not appropriate on a Rule 15 motion and the Court should not pass on the credibility or merits of the underlying facts and allegations. An amendment is futile if the amendment "would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). "[T]o

determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. (internal quotation omitted). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id*. The Court must accept the well pled facts as true, and the Court must limit itself to the contents of the pleadings and necessary attachments thereto. *See, e.g., Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

8. Here, HCMFA has demonstrated that the Uniform Commercial Code provides a defense to a promissory note that is not signed. *See* TEX. BUS. & COMM. CODE ANN. § 3.308(a). HCMFA's proposed amendment alleges that Mr. Waterhouse did not sign the Notes, which is undeniably true, and that he did not authorize Ms. Hendrix to sign them for him electronically. These well pled facts must be accepted as true. As such, the law recognizes a defense to the Notes and the amendment is not futile. On the contrary, the amendment is appropriate to ensure that justice be done.

9. Notwithstanding this clear conclusion, HCMFA has demonstrated more than ample facts to support its defenses. In this respect, the Court should remember two key facts. First, separate and apart from the Notes at issue, HCMFA previously executed two other *valid* demand notes to the Debtor for very similar amounts, with respect to which the Debtor later extended the date that these other notes could be demanded to May 31, 2021. *See* Adversary Proceeding No. 21-03082 at docket no. 1 (complaint by the Debtor against HCMFA on account of the two prior promissory note and exhibit 3 to same extending date for demand). Second, it is normal that the very people (Debtor employees; not HCMFA employees) who mistakenly created the new Notes would carry the Notes on the books and records as debts of HCMFA. That is the nature of a mistake; that it be compounded in the future. But the continuation of a mistake does not make the mistake any less a mistake.

10. The Debtor's smoking gun on the futility argument is a written acknowledgment from officers of HCMFA in October 2020 to the board of the retail funds that HCMFA manages to the effect that the Notes are valid and are debt obligations. That is not correct. In fact, the Debtor's alleged smoking gun states: "The earliest the Note between HCMLP and HCMFA could come due is in May 2021." Debtor APP. 172.

11. The same is true of the internal communications leading up to this document, in which Mr. Waterhouse, who purportedly signed the Notes, writes: "The HCMFA note is a demand note. . . There was an agreement between HCMLP and HCMFA the earliest they could demand is May 2021." Debtor APP. 156.

12. These communications cannot be referring to the Notes at issue, since these statements acknowledge the existence of *one* note that cannot be collected before May, 2021 (recalling that the two promissory notes that are valid were extended through this date). If anything, these communications demonstrate that HCMFA was not aware of the Notes at issue, especially because there were the communications from Mr. Waterhouse himself; *i.e.* if he did not remember the Notes at issue but instead only remembered the prior notes whose demand dates had been extended, then that is evidence that the present Notes were in fact created by mistake and not, as the Debtor suggests, that HCMFA always knew of the Notes.

13. Likewise with respect to how the Notes were allegedly recorded and communicated to HCMFA. As an example, the Debtor includes an e-mail from Ms. Hendrix to Mr. Dondero listing all affiliate notes to the Debtor. *See* Debtor APP. 685-688. The entry for HCMFA states: "10,530,971 Demand." *See id.* at 688. Recalling that there were the two prior notes totaling $6.3 million, not to mention many other affiliate notes, it is easy to see why Mr. Dondero and others would not have realized the mistake. The fact of four (4) alleged notes owing by HCMFA is not disclosed, only an aggregate amount owing (and even then an amount that does not total the

principal sums under the four alleged notes). And, recalling that the two prior notes were extended on April 15, 2019 to May 31, 2021 because HCMFA "expects that it may be unable to repay such amounts should they become due," *see* Adversary Proceeding No. 21-03082 at docket no. 1-3, it defies logic that, two weeks later, the Debtor would loan an additional $7.4 million to HCMFA.

14. HCMFA conceded that there is evidence that both the Debtor and HCMFA carried the Notes on their books and records as debt obligations of HCMFA. *See* Motion at ¶ 12. That is not determinative of the underlying issue of whether the Notes were ever valid, which issue is not even relevant to the Motion. What is relevant is that Mr. Waterhouse did not sign the Notes, and that there is strong evidence that he did not authorize Mr. Hendrix to sign them for him either.

C. **THERE IS NO PREJUDICE TO THE DEBTOR**

15. The Debtor argues prejudice in two forms: first, that the Motion seeks leave after the Debtor filed its motion for summary judgment; second, that the Debtor would have to engage in more discovery. Both arguments are factually incorrect and are not evidenced by the Debtor.

16. First the Debtor argues that the Motion "comes after [] Highland's Motion for Summary Judgment was filed." Response Brief at ¶ 77. This is obviously false. HCMFA filed its Motion on November 30, 2021. The Debtor filed its motion for summary judgment on December 17, 2021. *See* Docket No. 91. Perhaps what the Debtor is referring to is its announcement to HCMFA that it would be filing a motion for summary judgment, which the Debtor did on November 6, 2021. HCMFA APP 830, 843. But HCMFA informed the Debtor that it would be asserting the defense of non-signature on October 28, 2021, well before the Debtor ever raised the prospect of its summary judgment proceedings, at which time the Debtor informed HCMFA that it would oppose a motion to amend. HCMFA APP 830, 842. And, the Debtor could have prevented any prejudice by simply agreeing to the proposed amendment.

17. On the issue of additional discovery, the Debtor argues that it would need to re-depose HCMFA, Mr. Waterhouse, Mr. Dondero, and Mr. Sauter. This is a nonsensical argument: only Mr. Waterhouse knows whether he signed the Notes and only he and Ms. Hendrix know whether Mr. Waterhouse authorized Ms. Hendrix to sign the Notes using his electronic signature, and both were deposed regarding these precise issues at length. HCMFA, Mr. Dondero, and Mr. Sauter would have no discoverable information on these issues. All relevant facts regarding these issues are already known. Ms. Hendrix continues to be a Debtor employee and the Debtor has free access to her should the Debtor be able to locate any authorization by Mr. Waterhouse to Ms. Hendrix to sign the Notes for him.

### III.    CONCLUSION

18. Leave to amend HCMFA's answer should be "freely given" unless there is a "substantial reason" to deny such leave. There is no substantial reason to deny the Motion. The issue is not the merits of HCMFA's defenses, but simply whether HCMFA should be permitted to more expressly assert that the Notes were not signed. There has been no undue delay by HCMFA and the only delay was caused by the Debtor in not producing the originals of the Notes for five (5) months after HCMFA requested them. The amendment is not futile because the law recognizes a defense to a promissory note that is not signed. And, there is no prejudice to the Debtor, since the Motion was filed prior to the Debtor's summary judgment motion and since no additional discovery is needed.

RESPECTFULLY SUBMITTED this 7th day of January, 2022.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
Davor Rukavina
State Bar No. 24030781
Julian P. Vasek.
State Bar No. 24070790
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
Email: drukavina@munsch.com
Email: jvasek@munsch.com

**ATTORNEYS FOR HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on January 7, 2022, a true and correct copy of the foregoing document, including any exhibits thereto, was served on the following recipients via the Court's CM/ECF system:

Zachery Z. Annable on behalf of Plaintiff Highland Capital Management, L.P.
zannable@haywardfirm.com

Melissa S. Hayward on behalf of Plaintiff Highland Capital Management, L.P.
MHayward@HaywardFirm.com, mholmes@HaywardFirm.com

Juliana Hoffman on behalf of Creditor Committee Official Committee of Unsecured Creditors
jhoffman@sidley.com, txefilingnotice@sidley.com;julianna-hoffman-8287@ecf.pacerpro.com

Paige Holden Montgomery on behalf of Creditor Committee Official Committee of Unsecured Creditors
pmontgomery@sidley.com, txefilingnotice@sidley.com;paige-montgomery-7756@ecf.pacerpro.com;crognes@sidley.com;ebromagen@sidley.com;efilingnotice@sidley.com

Davor Rukavina on behalf of Defendant Highland Capital Management Fund Advisors, L.P.
drukavina@munsch.com

Julian Preston Vasek on behalf of Defendant Highland Capital Management Fund Advisors, L.P.
jvasek@munsch.com

/s/ Davor Rukavina
Davor Rukavina