Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com

ATTORNEYS FOR HIGHLAND CAPITAL
MANAGEMENT FUND ADVISORS, L.P.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re § § § § § § § | | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Chapter 11 |
| | § § | Case No. 19-34054-sgj11 |
| Debtor. | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Adv. No. 21-03004 |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. | § § § § | |
| Defendant. | § § | |

**DEFENDANT'S SUPPLEMENTAL APPENDIX IN SUPPORT OF ITS
<u>SECOND MOTION FOR LEAVE TO AMEND ANSWER</u>**

TO THE HONORABLE STACEY G. C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

COMES NOW Highland Capital Management Fund Advisors, L.P., the defendant in the above styled and numbered Adversary Proceeding, and files this its *Supplemental Appendix* in support of its *Defendant's Second Motion for Leave to Amend Answer* and its *Defendant's Reply in Support of Its Second Motion for Leave to Amend Answer*, as follows:

| **DESCRIPTION** | | **RANGE** |
|---|---|---|
| Supplemental Declaration of Davor Rukavina | | 829-831 |
| A | Email chain dated October 26, 2021 | 832-833 |
| B | Email dated October 23, 2021 | 834-835 |
| C | Email chain dated October 15, 2021 | 836-841 |
| D | D. Rukavina Time Entry October 28, 2021 | 842 |
| E | Email dated November 6, 2021 | 843 |

RESPECTFULLY SUBMITTED this 7th day of January, 2022.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
    Davor Rukavina
    State Bar No. 24030781
    Julian P. Vasek.
    State Bar No. 24070790
    500 N. Akard Street, Suite 3800
    Dallas, Texas 75202-2790
    Telephone: (214) 855-7500
    Facsimile: (214) 978-4375
    Email:  drukavina@munsch.com
    Email: jvasek@munsch.com

**ATTORNEYS FOR HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on January 7, 2022, a true and correct copy of the foregoing document, including any exhibits thereto, was served on the following recipients via the Court's CM/ECF system:

Zachery Z. Annable on behalf of Plaintiff Highland Capital Management, L.P.
zannable@haywardfirm.com

Melissa S. Hayward on behalf of Plaintiff Highland Capital Management, L.P.
MHayward@HaywardFirm.com, mholmes@HaywardFirm.com

Juliana Hoffman on behalf of Creditor Committee Official Committee of Unsecured Creditors
jhoffman@sidley.com, txefilingnotice@sidley.com;julianna-hoffman-8287@ecf.pacerpro.com

Paige Holden Montgomery on behalf of Creditor Committee Official Committee of Unsecured Creditors
pmontgomery@sidley.com, txefilingnotice@sidley.com;paige-montgomery-7756@ecf.pacerpro.com;crognes@sidley.com;ebromagen@sidley.com;efilingnotice@sidley.com

Davor Rukavina on behalf of Defendant Highland Capital Management Fund Advisors, L.P.
drukavina@munsch.com

Julian Preston Vasek on behalf of Defendant Highland Capital Management Fund Advisors, L.P.
jvasek@munsch.com

/s/ Davor Rukavina
Davor Rukavina

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re § § § HIGHLAND CAPITAL MANAGEMENT, § L.P., § § Debtor. § | | Chapter 11 Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, § L.P., § § Plaintiff, § § v. § § HIGHLAND CAPITAL MANAGEMENT § FUND ADVISORS, L.P. § § Defendant. § | | Adv. No. 21-03004 |

## SUPPLEMENTAL DECLARATION OF DAVOR RUKAVINA

The undersigned, Davor Rukavina, hereby declares under penalty of perjury pursuant to the laws of the United States of America the following:

1. My name is Davor Rukavina. I am over the age of 21, have never been convicted of a felony or crime of moral turpitude, and am otherwise qualified to give this Declaration.

2. I am an attorney duly licensed to practice law in the State of Texas. I am lead counsel for Highland Capital Management Fund Advisors, L.P. ("HCMFA"), in the above styled and numbered Adversary Proceeding commenced by Highland Capital Management, L.P. (the "Debtor").

3. The Debtor's production of documents in July, 2021 did not include Word versions of the promissory notes with metadata, meaning that HCMFA was not able to determine who created the notes, when, and who signed them. Likewise when counsel for the Debtor attempted

to e-mail the originals of the notes on October 25, 2021, when the metadata was again excluded from the notes, as evidenced by Exhibit "A" attached hereto.

4. In fact, it was not until October 23, 2021 that the Debtor agreed to produce the originals of the notes, and then only after HCMFA agreed to produce certain other documents that the Debtor had requested, as evidenced by Exhibit "B" attached hereto.

5. This is further evidenced by an e-mail exchange on October 15, 2021, attached hereto as Exhibit "C," where my co-counsel Deborah Deitsch-Perez requested of the Debtor's counsel that the Debtor produce the originals of all of the notes.

6. The Debtor produced those versions with all metadata only on October 26, 2021, as I stated in my original declaration.

7. I first informed the Debtor, through its counsel John A. Morris, Esq., that HCMFA would be seeking to amend its answer to assert that Mr. Waterhouse did not sign the notes at issue, during a telephone conference we had on October 28, 2021 addressing various issues. Attached hereto as Exhibit "D" is a true and correct copy of my time entry for this matter for that day, which I entered and kept contemporaneously.

8. During that conference, Mr. Morris informed me that he believed that any such amended answer would be filed in bad faith. Both HCMFA and myself took this very seriously, and we spent considerable efforts to go over all evidence, document production, deposition transcripts, and the law to assure ourselves that HCFMA would be proceeding in good faith, as it always believed it was. This was the reason why the filing of the motion to amend was delayed by several weeks.

9. To the best of my memory, the first time that the Debtor informed me and HCMFA that it would be filing a motion for summary judgment in this Adversary Proceeding was on November 6, 2021, when Mr. Morris sent me (and others) an e-mail to that effect, which is attached

hereto as Exhibit "E." However, I cannot state for a fact that this is the first time that Mr. Morris informed me of the Debtor's intention to seek summary judgment, as I have a vague memory that he may have mentioned this to me before. In any event, I do not believe that Mr. Morris informed me of the Debtor's intention to seek summary judgment before I informed him that HCMFA would seek to amend its answer.

10. I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge and ability.

Executed: January 7, 2022.

    /s/ Davor Rukavina
    DAVOR RUKAVINA

**Rukavina, Davor**

| | |
|---|---|
| **From:** | John A. Morris <jmorris@pszjlaw.com> |
| **Sent:** | Tuesday, October 26, 2021 8:34 AM |
| **To:** | Vasek, Julian; Deborah R. Deitsch-Perez (deborah.deitschperez@stinson.com); Aigen, Michael P. (michael.aigen@stinson.com); Rukavina, Davor; Berghman, Thomas; Clay Taylor (clay.taylor@bondsellis.com); Bryan Assink (bryan.assink@bondsellis.com); 'ddraper@hellerdraper.com' |
| **Cc:** | Jeff Pomerantz; Gregory V. Demo; Hayley R. Winograd; La Asia S. Canty |
| **Subject:** | RE: Highland:  Word Versions of the Notes |

In transit.  Will respond when I land Julian.

Thanks.

---

**From:** Vasek, Julian [mailto:jvasek@munsch.com]
**Sent:** Tuesday, October 26, 2021 9:30 AM
**To:** John A. Morris <jmorris@pszjlaw.com>; Deborah R. Deitsch-Perez (deborah.deitschperez@stinson.com) <deborah.deitschperez@stinson.com>; Aigen, Michael P. (michael.aigen@stinson.com) <michael.aigen@stinson.com>; Rukavina, Davor <drukavina@munsch.com>; Berghman, Thomas <tberghman@munsch.com>; Clay Taylor (clay.taylor@bondsellis.com) <clay.taylor@bondsellis.com>; Bryan Assink (bryan.assink@bondsellis.com) <bryan.assink@bondsellis.com>; 'ddraper@hellerdraper.com' <ddraper@hellerdraper.com>
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Gregory V. Demo <GDemo@pszjlaw.com>; Hayley R. Winograd <hwinograd@pszjlaw.com>; La Asia S. Canty <lsc@pszjlaw.com>
**Subject:** RE: Highland: Word Versions of the Notes

John:

Does your firm use a metadata scrubber on outgoing emails?  I ask because the metadata on all these files matches the time and date of your email below (see attached).  I also wonder whether the files were scrubbed once before, when Highland sent them to you.  Will you please look into this?  As a workaround, I can send a courier to Highland's office if you will ask them to save the files directly to a flash drive.  Please let me know.

Thanks,
Julian


**Julian P. Vasek**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7528 / jvasek@munsch.com / munsch.com

Notice: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

---

**From:** John A. Morris <jmorris@pszjlaw.com>
**Sent:** Monday, October 25, 2021 4:39 PM
**To:** Deborah R. Deitsch-Perez (deborah.deitschperez@stinson.com) <deborah.deitschperez@stinson.com>; Aigen,

1



HCMFA APP 832

Michael P. (michael.aigen@stinson.com) <michael.aigen@stinson.com>; Rukavina, Davor <drukavina@munsch.com>; Berghman, Thomas <tberghman@munsch.com>; Vasek, Julian <jvasek@munsch.com>; Clay Taylor (clay.taylor@bondsellis.com) <clay.taylor@bondsellis.com>; Bryan Assink (bryan.assink@bondsellis.com) <bryan.assink@bondsellis.com>; 'ddraper@hellerdraper.com' <ddraper@hellerdraper.com>
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Gregory V. Demo <GDemo@pszjlaw.com>; Hayley R. Winograd <hwinograd@pszjlaw.com>; La Asia S. Canty <lsc@pszjlaw.com>
**Subject:** Highland: Word Versions of the Notes

Counsel:

As requested, attached are two zip files containing the Word versions of the Notes.

Because they are Word versions, they have not been bates stamped. Therefore, this e-mail will serve as the "proof" of the form, format, timing, and content of the production.

As I mentioned, Highland has retained an expert who has performed his analysis of the Metadata but has not prepared a report. Insofar as Mr. Dondero and his related entities will be liable for Highland's fees and expenses in the event Highland prevails in this matter, please let me know if the Defendants intend to dispute the authenticity of the Notes or otherwise challenge any aspect of their creation as soon as possible so we don't unnecessarily incur an expense.

If we don't hear from you by the close of business on Wednesday on this matter, we will direct the expert to turn his findings into a report for delivery on Friday, make him available for a deposition, and include those expenses in a future supplemental production.

Also, Davor, please produce the Advisors' 15c report (including responses to questions 1 and 2) from 2020 by the close of business tomorrow (Tuesday) or Highland will move to compel production.

Please let me know if you have any questions.

Regards,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn

Los Angeles | San Francisco | Wilmington, DE | New York | Houston

**Rukavina, Davor**

| | |
|---|---|
| From: | John A. Morris <jmorris@pszjlaw.com> |
| Sent: | Saturday, October 23, 2021 6:19 AM |
| To: | Deborah R. Deitsch-Perez (deborah.deitschperez@stinson.com); Rukavina, Davor |
| Cc: | Jeff Pomerantz; Gregory V. Demo; Hayley R. Winograd; Aigen, Michael P. (michael.aigen@stinson.com); Bryan Assink (bryan.assink@bondsellis.com); Clay Taylor (clay.taylor@bondsellis.com); 'ddraper@hellerdraper.com' |
| Subject: | Highland: Outstanding Discovery (TIME SENSITIVE) |

Deborah and Davor:

I am still waiting for responses to the following questions:

1. Will Mr. Dondero make himself available for a full-day deposition on Monday, Thursday or Friday of this upcoming week? If so, when?
2. Assuming the Defendants still intend to call them, when do you propose to make your expert witnesses available for deposition between November 1 and November 8?
3. Do the defendants intend to call any witnesses that have not been previously noticed so that Highland has an opportunity to depose them?

We need prompt answers to these questions, the latter two of which have been asked multiple times over several weeks.

Separately, while the Defendants never accepted Highland's offers to consider any specific requests Defendants had concerning e-mail searches, be advised that based on the questions at the end of Mr. Seery's deposition, out of an abundance of caution, Highland ran the following e-mail searches yesterday that are intended to cover the period surrounding the dates each note was executed:

1. Custodians (a) Kristin Hendrix, (b) Frank Waterhouse, and (c) "Corporate Accounting" using the search terms (i) "loan" and (ii) "note" for the following dates:

   - May 28, 2017 through June 2, 2017
   - October 14, 2018 through October 16, 2018
   - May 1, 2019 through May 4, 2019
   - May 28, 2019 through May 30, 2019
   - June 24, 2019 through June 26, 2019
   - September 24, 2019 through September 26, 2019

2. Custodians (a) Drew Wilson, (b) Frank Waterhouse, and (c) "Corporate Accounting" using the search terms (i) "loan" and (ii) "note" for the following dates:

   - May 28, 2017 through June 2, 2017
   - October 11, 2017 through October 13, 2017
   - February 1, 2018 through February 3, 2018
   - March 27, 2018 through March 29, 2018
   - June 24, 2018 through June 26, 2018
   - July 31, 2018 through August 2, 2018
   - August 10, 2018 through August 14, 2018

**Exhibit B**

HCMFA APP 834

We will produce responsive documents (if any, and we're not checking to see if they have already been produced so anything produced may be duplicative) in advance of Wednesday's depositions.

We also expect to produce to you the Word versions of each of the Notes in advance of the depositions.  Please let us know whether Defendants will challenge the authenticity or raise any other issue concerning the creation and editing (if any) of any of the Notes because Highland has engaged an expert who is reviewing the metadata and who will be prepared to offer an expert report next Friday concerning those matters, if needed.

Davor, based on Highland's willingness to produce the Word versions of the Notes, please confirm that HCMFA and NexPoint will produce reasonably in advance of Mr. Dondero's deposition their actual 15c responses to the Retail Board from later 2020 covering both question numbers 1 (shared services) and 2 (debts to HCMLP).

I look forward to your attention and prompt responses.

Regards,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn

**Rukavina, Davor**

| | |
|---|---|
| **From:** | John A. Morris <jmorris@pszjlaw.com> |
| **Sent:** | Friday, October 15, 2021 1:41 PM |
| **To:** | Deitsch-Perez, Deborah R.; Aigen, Michael P.; Hayley R. Winograd |
| **Cc:** | Jeff Pomerantz; Gregory V. Demo; Hayley R. Winograd; 'zannable@haywardfirm.com'; Rukavina, Davor; 'ddraper@hellerdraper.com'; Vasek, Julian; Berghman, Thomas; Clay Taylor (clay.taylor@bondsellis.com); Bryan Assink (bryan.assink@bondsellis.com); Douglas Draper; elmsd@gtlaw.com |
| **Subject:** | RE: HCMLP's Objections to Defendants' Rule 30(b)(6) Notice |

I'll look into it, Deborah.

When can I expect responses to the questions I asked concerning (a) the witnesses your client intends to call so I can have a chance to depose them, and (b) whether there are any other factual bases for the defenses of "waiver" and "estoppel" other than what Mr. Rukavina identified that you now contend fall within those general defenses?

I need answers to those questions – and they are within your knowledge yet you seem to be neglecting them.

John

---

**From:** Deitsch-Perez, Deborah R. [mailto:deborah.deitschperez@stinson.com]
**Sent:** Friday, October 15, 2021 2:59 PM
**To:** Aigen, Michael P. ; John A. Morris ; Hayley R. Winograd
**Cc:** Jeff Pomerantz ; Gregory V. Demo ; Hayley R. Winograd ; 'zannable@haywardfirm.com' ; Rukavina, Davor (drukavina@munsch.com) ; 'ddraper@hellerdraper.com' ; Vasek, Julian (jvasek@munsch.com) ; Berghman, Thomas (tberghman@munsch.com) ; Clay Taylor (clay.taylor@bondsellis.com) ; Bryan Assink (bryan.assink@bondsellis.com) ; Douglas Draper ; elmsd@gtlaw.com
**Subject:** RE: HCMLP's Objections to Defendants' Rule 30(b)(6) Notice

John, Please have Debtor produce the word versions of all of the Notes at issue. We have searched and it does not appear that they were produced. Can you do that today, thanks.

**Deborah R. Deitsch-Perez**
Partner

STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, TX 75219
Direct: 214.560.2218 \ Mobile: 214.232.7582 \ Bio

(drukavina@munsch.com) <drukavina@munsch.com>; Deitsch-Perez, Deborah R. <deborah.deitschperez@stinson.com>; 'ddraper@hellerdraper.com' <ddraper@hellerdraper.com>; Vasek, Julian (jvasek@munsch.com) <jvasek@munsch.com>; Berghman, Thomas (tberghman@munsch.com) <tberghman@munsch.com>; Clay Taylor (clay.taylor@bondsellis.com) <clay.taylor@bondsellis.com>; Bryan Assink (bryan.assink@bondsellis.com) <bryan.assink@bondsellis.com>; Douglas Draper <ddraper@hellerdraper.com>; elmsd@gtlaw.com
**Subject:** RE: HCMLP's Objections to Defendants' Rule 30(b)(6) Notice

John:

Defendants have the following objections to your corporate representative topics:

NexPoint, HCMS and HCRE

Topic 1: Your answer.

Defendants object to this topic because it is vague and not specific enough to allow Defendants to adequately prepare a witness. Subject to these objections, Defendants will provide a witness on this topic.

Topic 2: Each Affirmative Defense asserted in Your Answer, including but not limited to all facts and circumstances, Communications, and Documents Concerning each Affirmative Defense.

Defendants object to this topic because it is vague and not specific enough to allow Defendants to adequately prepare a witness. Subject to these objections, Defendants will provide a witness on this topic.

Topic 3: The Note, including but not limited to (a) the negotiation of the Note, (b) the terms of the Note, (c) Communications Concerning the Note, (d) any payments of principal or interest made by You or on Your behalf with respect to the Note; (e) the use of the proceeds of the Note, (f) Your communications with Your outside auditors Concerning the Note and the obligations thereunder, and (g) all agreements Concerning the Note.

Defendants object to the portion of this topic seeking information related to the use of the proceeds of the Note because that information is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendants will provide a witness on this topic.

Topic 4: Your responses to the Discovery Requests.

Defendants object to this topic because it is vague and not specific enough to allow Defendants to adequately prepare a witness. Defendants incorporate all objections made in their discovery responses. Subject to these objections, Defendants will provide a witness on this topic.

Dugaboy

Topic 2: Your authority to enter into the Alleged Agreement.

Defendant objects to this topic to the extent that it seeks privileged information and seeks legal conclusions. Subject to these objections, Defendant will provide a witness on this topic.

Topic 3: Ownership, beneficial ownership, and control of The Dugaboy Investment Trust.

Defendant objects to this topic because that information is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendant will provide a witness on this topic.

Topics 4-8: Other agreements other than the agreements at issue in these proceedings.

Defendant object to these topics because that information is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendant will provide a witness on these topics.

Topic 9: Your responses to the Discovery Requests.

Defendant objects to this topic because it is vague and not specific enough to allow Defendant to adequately prepare a witness. Defendant incorporates all objections made in its discovery responses. Subject to these objections, Defendant will provide a witness on this topic.

Michael P. Aigen
Partner
Dallas
214.560.2207
x62207

**From:** John A. Morris <jmorris@pszjlaw.com>
**Sent:** Tuesday, October 12, 2021 5:50 PM
**To:** Aigen, Michael P. <michael.aigen@stinson.com>
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Gregory V. Demo <GDemo@pszjlaw.com>; Hayley R. Winograd <hwinograd@pszjlaw.com>; 'zannable@haywardfirm.com' <zannable@haywardfirm.com>; Rukavina, Davor (drukavina@munsch.com) <drukavina@munsch.com>; Deitsch-Perez, Deborah R. <deborah.deitschperez@stinson.com>; 'ddraper@hellerdraper.com' <ddraper@hellerdraper.com>; Vasek, Julian (jvasek@munsch.com) <jvasek@munsch.com>; Berghman, Thomas (tberghman@munsch.com) <tberghman@munsch.com>; Clay Taylor (clay.taylor@bondsellis.com) <clay.taylor@bondsellis.com>; Bryan Assink (bryan.assink@bondsellis.com) <bryan.assink@bondsellis.com>
**Subject:** HCMLP's Objections to Defendants' Rule 30(b)(6) Notice

Michael:

HCMLP has the following objections to the attached Rule 30(b)(6) notice:

**HCMLP objects to Topic No. 2** (a) to the extent it calls for HCMLP to tender a witness to testify with precision to all principal, interest, and fees due under each Note that is the subject of the Complaints, and on the grounds that (b) HCMLP provided calculations of damages in its demand and default letters as well as its Complaints, (c) the categories of damages are all (i) unpaid principal, (ii) accrued but unpaid interest, and (iii) costs of collection, including reasonable attorneys' fees (the "Damages"), (d) based on the Notes and the documents produced proving HCMLP's costs of collection (which will be supplemented from time to time to account for additional costs), the Defendants are just as easily capable of calculating the Damages at any moment in time as HCMLP, (e) it is unreasonable to expect any witness to specifically recall the precise Damages due under each Note, particularly when such Damages continue to increase every day.

Subject to those objections, HCMLP will tender a witness prepared to testify on Topic No. 2.

**HCMLP objects to Topic No. 4** on the grounds that (a) the phrase "involved in" is vague and ambiguous, and (b) it assumes that any of the Notes were subject to "negotiations."

Subject to those objections, HCMLP will tender a witness prepared to testify as to the identify of individuals it knows were involved in communications related to the execution and/or terms of the notes.

**HCMLP objects to Topic No. 7** on the grounds that (a) it seeks "facts" that are solely within the Defendants' knowledge, and that (b) Defendants' defenses and affirmative defenses have materially changed over time, and are otherwise ambiguous or not specifically set forth in the Answers.

Subject to that objection, HCMLP will tender a witness prepared to testify as to facts that it knows of that relate to or concern the defenses and affirmative defenses specifically proffered by any of the Defendants.

**HCMLP objects to Topics No. 9** on the grounds that (a) there is no time limitation, (b) the existence and terms of all affiliate loans, including all issues concerning forgiveness and forbearance, are set forth in detail in each of HCMLP's audited financial statements for each year from 2008 through 2018 (including the sections concerning "Subsequent Events"), and HCMLP specifically refers Defendants to those audited financial statements, and (c) it is unreasonable to expect any witness to specifically recall the identity of all affiliated borrowers, and the amounts, dates, and terms of all loans made to affiliated borrowers, including whether, when, and to what extent any such affiliated loans were forgiven.

Subject to those objections, HCMLP will tender a witness prepared to testify as to loans it made to employees or officers that were forgiven, in whole or in part, during the period 2008 through the Petition Date.

**HCMLP objects to Topics No. 10** on the grounds that (a) there is no time limitation, (b) the existence and terms of all affiliate loans, including all issues concerning forgiveness and forbearance, are set forth in detail in each of HCMLP's audited financial statements for each year from 2008 through 2018 (including the sections concerning "Subsequent Events"), and HCMLP specifically refers Defendants to those audited financial statements, and (c) it is unreasonable to expect any witness to specifically recall the identity of all affiliated borrowers, and the amounts, dates, and terms of all loans made to affiliated borrowers, including whether, when, and to what extent any such affiliated loans were forgiven.

Subject to those objections, HCMLP will tender a witness prepared to testify as to loans it made to employees or officers that were forgiven, in whole or in part, during the period 2008 through the Petition Date.

**HCMLP objects to Topics No. 11** on the grounds that (a) there is no time limitation, (b) documents concerning Mr. Dondero's compensation for the period 2016 through 2020 (the "Compensation Documents") have been or will be produced and HCMLP specifically refers Defendants to the Compensation Documents, and (c) it is unreasonable to expect any witness to specifically recall the specific amounts and components of Mr. Dondero's compensation from 2016 and 2020.

Subject to those objections, HCMLP will tender a witness prepared to testify as to loans it made to employees or officers that were forgiven, in whole or in part, during the period 2008 through the Petition Date.

**HCMLP objects to Topic No. 12** on the grounds that it is (a) overly broad, unduly burdensome, and not relevant to the claims or defenses in this adversary proceeding, and (b) none of the Defendants who served the attached Rule 30(b)(6) notice is or was a party to a Shared Services Agreement with HCMLP.

Based on the forgoing, HCMLP will not proffer a witness to testify as to Topic No. 12.

**HCMLP objects to Topic Nos. 13, 14, 15, 16, and 17** to the extent those topics assume that HCMLP had any contractual or legal duty or obligation to take or refrain from taking the actions described therein.

Subject to those objections, and any additional objections referred to below, HCMLP will tender a witness prepared to testify on Topics 13, 14, 15, 16, and 17.

**HCMLP objects to Topic No. 14** on the ground that the phrase "may have previously had any role" is speculative, vague, and ambiguous.

Subject to that objection, HCMLP will tender a witness prepared to testify as to those referenced employees who actually processed, made, facilitated or coordinated such payments, if any.

**HCMLP objects to Topic No. 15** on the grounds that the phrase (a) "[a]ny communications or instructions that may have been given" is speculative, vague, and ambiguous, and (b) there is no time limitation.

Subject to those objections, HCMLP will tender a witness prepared to testify as to communications or instructions that were actually given from 2018 to the present, if any.

---

**From:** Aigen, Michael P. [mailto:michael.aigen@stinson.com]
**Sent:** Thursday, October 07, 2021 2:49 PM
**To:** Rukavina, Davor <drukavina@munsch.com>; 'zannable@haywardfirm.com' <zannable@haywardfirm.com>; John A. Morris <jmorris@pszjlaw.com>; Deitsch-Perez, Deborah R. <deborah.deitschperez@stinson.com>; Douglas Draper <ddraper@hellerdraper.com>
**Cc:** Vasek, Julian <jvasek@munsch.com>; Berghman, Thomas <tberghman@munsch.com>; Clay Taylor (clay.taylor@bondsellis.com) <clay.taylor@bondsellis.com>; Bryan Assink (bryan.assink@bondsellis.com) <bryan.assink@bondsellis.com>; Jeff Pomerantz <jpomerantz@pszjlaw.com>; Hayley R. Winograd <hwinograd@pszjlaw.com>
**Subject:** RE: NexPoint Notice of 30(b)(6) to Debtor

Please see attached notice for the Seery/30B6 deposition.

**Michael P. Aigen**
Partner

STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, TX 75219
Direct: 214.560.2201 \ Bio

**STINSON.COM**
This communication (including any attachments) is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

**From:** Rukavina, Davor <drukavina@munsch.com>
**Sent:** Thursday, October 7, 2021 11:42 AM
**To:** 'zannable@haywardfirm.com' <zannable@haywardfirm.com>; John A. Morris <jmorris@pszjlaw.com>; Deitsch-Perez, Deborah R. <deborah.deitschperez@stinson.com>; Douglas Draper <ddraper@hellerdraper.com>
**Cc:** Vasek, Julian <jvasek@munsch.com>; Berghman, Thomas <tberghman@munsch.com>; Aigen, Michael P. <michael.aigen@stinson.com>; Clay Taylor (clay.taylor@bondsellis.com) <clay.taylor@bondsellis.com>; Bryan Assink (bryan.assink@bondsellis.com) <bryan.assink@bondsellis.com>; Jeff Pomerantz <jpomerantz@pszjlaw.com>; Hayley R.

Winograd <hwinograd@pszjlaw.com>
**Subject:** NexPoint Notice of 30(b)(6) to Debtor

**External Email – Use Caution**

Counsel, please see attached notice.

Thank you


**Davor Rukavina, Esq.**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7587 / drukavina@munsch.com / munsch.com


Notice: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

| Field | Value | | |
|---|---|---|---|
| Status | Transferred | | |
| TimeKeeper: | 0566 | ... | Davor Rukavina |
| Date Worked: | 10/28/2021 | | Thursday, October 28, 2021 |
| Client: | 019717 | ... | NexPoint Advisors, LP |
| Matter: | 00004 | ... | Notes Litigation |
| Time: | 2.50 | ... | Billable Status: Billable |
| NO CHARGE: | | ... | |

**Narrative:**

Conference with John Morris regarding deposition scheduling and closing discovery; communications with DC Sauter and Dustin Norris regarding same and regarding discovery; multiple communications and conference with Deborah Perez regarding expert retention and expert issues, Dondero deposition preparation, and amending answers; communications with John Morris regarding motions to amend answers; follow-up strategy communications regarding same and coordinate drafting of motions; communications with duties expert and coordinate retention of same

Exhibit D

HCMFA APP 842

**Rukavina, Davor**

___

| | |
|---|---|
| **From:** | John A. Morris <jmorris@pszjlaw.com> |
| **Sent:** | Saturday, November 6, 2021 1:08 PM |
| **To:** | Deborah R. Deitsch-Perez (deborah.deitschperez@stinson.com); Aigen, Michael P. (michael.aigen@stinson.com); Rukavina, Davor; Berghman, Thomas; Vasek, Julian; Bryan Assink (bryan.assink@bondsellis.com); Clay Taylor (clay.taylor@bondsellis.com); 'ddraper@hellerdraper.com' |
| **Cc:** | Jeff Pomerantz; Gregory V. Demo; Hayley R. Winograd |
| **Subject:** | Highland:  Proposed schedule for summary judgment in the Notes Litigation |

Counsel:

Highland intends to inform the Court at next week's hearing that it will be moving for summary judgment on some or all of the counts asserted in the five pending "notes litigations."  We will share with you the specific counts as soon as practicable after the hearing but the motion will certainly cover at least all counts not subject to the motion to dismiss and all defenses thereto.

In that regard, Highland proposes the following briefing schedule:

| Deadline | Event |
|---|---|
| 12/17/21 | Highland files its opening brief in support of its motion for summary judgment and all documents in support thereof |
| 1/17/22 | Defendants file their opposition to the MTD and all documents in support thereof |
| 1/31/22 | Highland files its reply papers and all documents in support thereof |

Please let us know as soon as possible (and in any event, reasonably in advance of the November 9 hearing) if the defendants have any comments to this proposed schedule.

Regards,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



1

HCMFA APP 843