# EXHIBIT 1

| | |
|---|---|
| Clay M. Taylor<br>Bryan C. Assink<br>BONDS ELLIS EPPICH SCHAFER JONES LLP<br>420 Throckmorton Street, Suite 1000<br>Fort Worth, Texas 76102<br>(817) 405-6900 telephone<br>(817) 405-6902 facsimile<br>Email: clay.taylor@bondsellis.com<br>Email: bryan.assink@bondsellis.com<br><br>**Attorneys for James Dondero** | Deborah Deitsch-Perez<br>Michael P. Aigen<br>STINSON LLP<br>3102 Oak Lawn Avenue, Suite 777<br>Dallas, Texas 75219<br>(214) 560-2201 telephone<br>(214) 560-2203 facsimile<br>Email: deborah.deitschperez@stinson.com<br>Email: michael.aigen@stinson.com<br><br>**Attorneys for James Dondero, Nancy Dondero, Highland Capital Management Services, Inc. and NexPoint Real Estate Partners, LLC** |

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com

**Attorneys for NexPoint Advisors, L.P. and
Highland Capital Management Fund Advisors, L.P.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff, | § | **Adv. Proc. No. 21-03003-sgj** |
| | § | |
| vs. | § | |
| | § | |
| **JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| Defendants. | § | |

CORE/3522697.0002/171927721.9

the HCRE Term Note pursuant to the respective oral SSAs are genuine issues of material fact.[76]

Moreover, as discussed in greater detail below, Plaintiff failed to remind HCMS of prepayments that had been made that relieved it of the obligation to make any additional payment in 2020.

### E. Prepayment on the Term Notes

#### 1. NexPoint's Prepayments

29. NexPoint asserts the affirmative defense of prepayment on the NexPoint Note, which relieved NexPoint of any obligation to make any additional payment in 2020. Thus, the NexPoint Note was not in default when no payment was made on December 31, 2020. NexPoint demonstrates *infra* that there is evidence supporting this affirmative defense and summary judgment denying this affirmative defense is inappropriate as a matter of law.

30. There is no dispute of fact that, between March and August of 2019, the following payments were made on the NexPoint Note (collectively, the "NexPoint Prepayments"): (i) $750,000.00 on March 29, 2019; (ii) $1,300,000.00 on April 16, 2019; (iii) $300,000.00 on June 4, 2019; (iv) $2,100,000.00 on June 19, 2019; (v) $630,000.00 on July 9, 2019; and (vi) $1,300,000.00 on August 13, 2019.[77] These payments totaled $6,380,000.00 in 2019.[78] The normal December, 2019 payment of principal and interest on the Note would have been $2,273,970.54, leaving $4,106,029.46 remaining to apply as prepayments on the Note.

31. None of the aforementioned payments were scheduled payments or payments on arrears. Rather, they were prepayments since the Plaintiff needed money and asked NexPoint to transfer it funds for liquidity purposes, which NexPoint did.[80] These transfers were intended by

---

[76] Defendants' position is bolstered by the Expert Report of Steven J. Pully, ¶ 59 (Def. Ex. 3-F, Def. Appx. 232), which was incorrectly not permitted to be included in the record by the Court. Defendants submit this proffer to preserve their objection.
[77] Pl. Ex. 200, Amortization Schedule, Pl. Appx. 03249.
[78] *Id.*
[80] Def. Ex. 1, J Dondero Dec., ¶ 42, Def. Appx. 21.

15