# EXHIBIT 9

**From:** John A. Morris
**Sent:** Wednesday, January 26, 2022 4:37 PM
**To:** 'Aigen, Michael P.' <michael.aigen@stinson.com>; Rukavina, Davor (drukavina@munsch.com) <drukavina@munsch.com>; Vasek, Julian (jvasek@munsch.com) <jvasek@munsch.com>; Deitsch-Perez, Deborah R. <deborah.deitschperez@stinson.com>
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Gregory V. Demo <GDemo@pszjlaw.com>; Hayley R. Winograd <hwinograd@pszjlaw.com>
**Subject:** RE: Highland: NOTICE OF INTENT TO FILE A MOTION FOR CONTEMPT

Michael,

As a courtesy, I will present just some of the myriad problems presented by your insistence on including an expert report and defense that the Court has precluded you from making:

1. Why should any court – whether the bankruptcy court or an appellate court -- consider evidence that has been excluded by court order?
2. And if you don't intend the Court to consider the evidence and defense, why proffer it?
3. Why should the record include evidence that has been excluded?  I have never seen that before.  Judge Jernigan has excluded numerous exhibits throughout this bankruptcy and then files a statement showing the evidence that was admitted.  Only admitted evidence is part of the record.
4. I don't have my own expert to counter yours.  How  do I address that?  How can a court consider your expert report when I did not have a chance to obtain my own?
5. I haven't taken discovery on the Barred Defense.  How do I fairly address the defense?  I just argue in a vaacum?
6. Am I supposed to address evidence and a defense that have been barred?
7. You've "incorporated by reference" a 21page brief filed in the District Court (violating the page limits).  Am I supposed to respond to that brief, too?

We are not dealing with the havoc and endless questions your insistence on ignoring the orders is creating.

We'll file our motion and you can respond however you wish.

Regards,

John

**From:** Aigen, Michael P. [mailto:michael.aigen@stinson.com]
**Sent:** Wednesday, January 26, 2022 4:11 PM
**To:** John A. Morris <jmorris@pszjlaw.com>; Rukavina, Davor (drukavina@munsch.com) <drukavina@munsch.com>; Vasek, Julian (jvasek@munsch.com) <jvasek@munsch.com>; Deitsch-Perez, Deborah R. <deborah.deitschperez@stinson.com>
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Gregory V. Demo <GDemo@pszjlaw.com>; Hayley R. Winograd <hwinograd@pszjlaw.com>
**Subject:** RE: Highland: NOTICE OF INTENT TO FILE A MOTION FOR CONTEMPT

John, as the brief indicates and as I have indicated to you, the Pully Report is part of an offer of proof.  Therefore, we cannot remove it from the filing or it will not be in the record as part of an offer of proof.  I think we can both agree that the Judge can be trusted to not rely on evidence she has excluded.  If you think there is no necessity for preserving the issue, there is also no harm in having it in the record as a proffer.  This is covered by the proposed stipulation that we sent to you. If you are willing to enter into the stipulation but have comments on it, please let us know what comments you have.
Michael

**Michael P. Aigen**
Partner

STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, TX 75219
Direct: 214.560.2201 \ Bio

**STINSON.COM**

**From:** John A. Morris <jmorris@pszjlaw.com>
**Sent:** Wednesday, January 26, 2022 3:41 AM
**To:** Aigen, Michael P. <michael.aigen@stinson.com>; Rukavina, Davor (drukavina@munsch.com) <drukavina@munsch.com>;
Vasek, Julian (jvasek@munsch.com) <jvasek@munsch.com>; Deitsch-Perez, Deborah R. <deborah.deitschperez@stinson.com>
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Gregory V. Demo <GDemo@pszjlaw.com>; Hayley R. Winograd
<hwinograd@pszjlaw.com>
**Subject:** RE: Highland: NOTICE OF INTENT TO FILE A MOTION FOR CONTEMPT

Michael,

If your issue is preserving the issue for appeal, I would consider a stipulation – although, given that the evidence and
arguments subject to the proffer were already the subject of motions and orders, one of which has already been presented to
the District Court for review, I don't understand the concern or the necessity.  Indeed, as you note, "[w]here the "pretrial
proffer is adequate and ***evidence is excluded unconditionally by a pretrial order***," then "the proponent ***has preserved the
issue for appeal*** and (other circumstances being unchanged) need not bring the witness to court and proffer the evidence
again at trial."  Fusco v. Gen. Motors Corp., 11 F.3d 259, 262–63 (1st Cir. 1993) (emphasis added).

Since the issues have already been litigated and determined by pretrial order, they have been preserved for appeal.

Not only have the issues already been preserved for appellate review, but proffers are plainly improper on a motion for
summary judgment.  Rule 56 provides that a "party may object that the material cited to support or dispute a fact cannot be
presented in form that would be admissible in evidence."  Unless and until the Expert Order is overturned, the Tully Report is
not admissible evidence because the Court has already made that determination in response to the motion you filed.  The
same is true with respect to the Barred Defense (see Mr. Sauter's declaration and the related arguments).

If you want to play "find a case," please provide a cite to any case in which a court has relied upon a proffer of evidence that it
previously excluded to determine a summary judgment motion.  If you have such a case, I'll surely reconsider.

The Tully Report cannot be part of the record on this motion, and HCMLP should not be required to respond to evidence and a
defense that the Court has already ruled cannot be pursued.

As I said, if Defendants are truly concerned with reserving whatever rights they think they have (which, again, is unnecessary in
light of the very cases you cite), I will consider a stipulation.  But the demands remain.

If Defendants are interested in complying with the demands and working on a stipulation, let me know by 5:00 pm Central
today with a written commitment to withdraw the Tully Report and to amend the opposition papers are originally
demanded.  Otherwise, Plaintiff reserves all rights at law and in equity to address these issues in a time and manner of its
choosing.

Regards,

John

**From:** Aigen, Michael P. [mailto:michael.aigen@stinson.com]
**Sent:** Tuesday, January 25, 2022 5:30 PM
**To:** John A. Morris <jmorris@pszjlaw.com>; Rukavina, Davor (drukavina@munsch.com) <drukavina@munsch.com>; Vasek, Julian (jvasek@munsch.com) <jvasek@munsch.com>; Deitsch-Perez, Deborah R. <deborah.deitschperez@stinson.com>
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Gregory V. Demo <GDemo@pszjlaw.com>; Hayley R. Winograd <hwinograd@pszjlaw.com>
**Subject:** RE: Highland: NOTICE OF INTENT TO FILE A MOTION FOR CONTEMPT

John,

As we indicated yesterday and as we indicated in our summary judgment response, our inclusion of the Pully Report in our response was an offer of proof intended to preserve our ability to object to and appeal the Bankruptcy Court's consideration of Plaintiff's Summary Judgement Motion without consideration of the Pully Material (as defined in the Stipulation), as well as to preserve our ability to appeal the denial of the Expert Deadline Motion (lest Debtor argue it is moot or otherwise infirm because of a grant of a motion for summary judgment).

As you know, offers of proof are typically used (i) to permit the trial judge "to reevaluate his decision in light of the actual evidence to be offered" and (ii) "to permit the reviewing court to determine if the exclusion affected the substantial rights of the party offering it." Fortunato v. Ford Motor Co., 464 F.2d 962, 967 (2d Cir. 1972). A proffer of evidence may be required if the trial judge is not "well aware of the content and purpose of the evidence." Frederick v. Swift Transp. Co., 616 F.3d 1074, 1083 (10th Cir. 2010). The court must be "well aware of the substance of the evidence," and the record must "reflect[] the substance of the evidence." United States v. Sheffield, 992 F.2d 1164, 1169–70 (11th Cir. 1993). The proponent of excluded evidence must show "the substance of the proposed evidence" and "make known to the court for what reasons the evidence is offered." McQuaig v. McCoy, 806 F.2d 1298, 1301–02 (5th Cir. 1987). Where the "pretrial proffer is adequate and evidence is excluded unconditionally by a pretrial order," then "the proponent has preserved the issue for appeal and (other circumstances being unchanged) need not bring the witness to court and proffer the evidence again at trial." Fusco v. Gen. Motors Corp., 11 F.3d 259, 262–63 (1st Cir. 1993); see also Walden v. Georgia-Pac. Corp., 126 F.3d 506, 517, 519 (3d Cir. 1997). Offers of proof are also used at summary judgment. Utica Mutual Insurance Company v. Munich Reinsurance America, Inc., 7 F.4th 50, 64 (2d. Cir. 2021); Germano v. International Profit Ass'n, Inc., 544 F.3d 798, 801 (7th Cir. 2008); York v. Toone, 2018 WL 8619800, at *1 (W.D. Tex. Dec. 10, 2018).

Based on this, we don't understand how making an offer of proof (not in front of a jury, where harm occurs because of the inability of jurors to unhear something they should not have heard) can violate an order excluding evidence (even assuming the Court's order could be so construed, which it cannot be) because that is the exact reason that offers of proof are allowed, and indeed, often required. In an effort to resolve this without court intervention, however, we have drafted the attached stipulation, which should alleviate your expressed concerns about the Pully Report being used at summary judgment but still allows us to properly preserve our appellate rights. Please let me know if it is acceptable. If you are willing to do so, my understanding is that Davor will contact you about negotiating a similar stipulation or resolution with respect to the HCMFA Motion to Amend.

Additionally, we once again request that you provide us with any case law or authority that would support your position that making an offer of proof with respect to evidence not yet admitted but likely to be excluded because of a prior procedural motion is improper and would subject us to sanctions or contempt. Without making a proffer in connection with a summary judgment motion or trial, as the case may be, a court has not been given the context in which to evaluate proposed evidence. Absent some authority for your position, any motion that you file would be improper and frivolous. We have found no such authority and you have provided none. The Court's prior contempt orders were issued in entirely different circumstances. There is no definitive order that making a proffer violates. If you proceed to file your motion, we intend to file a Rule 11 motion.

Thank you,
Michael

**Michael P. Aigen**
Partner

STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, TX 75219
Direct: 214.560.2201 \ Bio

STINSON.COM

**From:** John A. Morris <jmorris@pszjlaw.com>
**Sent:** Monday, January 24, 2022 5:01 PM
**To:** Aigen, Michael P. <michael.aigen@stinson.com>; Rukavina, Davor (drukavina@munsch.com) <drukavina@munsch.com>; Vasek, Julian (jvasek@munsch.com) <jvasek@munsch.com>; Deitsch-Perez, Deborah R. <deborah.deitschperez@stinson.com>
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Gregory V. Demo <GDemo@pszjlaw.com>; Hayley R. Winograd <hwinograd@pszjlaw.com>
**Subject:** RE: Highland: NOTICE OF INTENT TO FILE A MOTION FOR CONTEMPT

Michael:

The legal standard for civil contempt can be found in two other contempt orders issued by the bankruptcy court in the Highland case, Docket No. 2660 at 22-23 and Adv. Pro. 20-03190, Docket No. 191 at 39-41.

Here, the Court entered Orders prohibiting Defendants from (a) pursuing expert testimony concerning the shared services agreement and (b) arguing the Barred Defense. Nevertheless, with full knowledge of the Orders, the Defendants did the very things the Court said they could not. I'm not sure I can think of a better definition of contempt.

To be clear, we do not need any further response. Defendants will either comply with Plaintiff's demands or they won't.

Regards,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

**From:** Aigen, Michael P. [mailto:michael.aigen@stinson.com]
**Sent:** Monday, January 24, 2022 5:21 PM
**To:** John A. Morris <jmorris@pszjlaw.com>; Rukavina, Davor (drukavina@munsch.com) <drukavina@munsch.com>; Vasek, Julian (jvasek@munsch.com) <jvasek@munsch.com>; Deitsch-Perez, Deborah R. <deborah.deitschperez@stinson.com>
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Gregory V. Demo <GDemo@pszjlaw.com>; Hayley R. Winograd <hwinograd@pszjlaw.com>
**Subject:** RE: Highland: NOTICE OF INTENT TO FILE A MOTION FOR CONTEMPT

John:

Thank you for your email. We will get back to you by tomorrow, as requested, with our response. As you know, we explicitly stated in our Response that the Expert Order was denied and that the evidence was being offered as part of an offer of proof. Do you have any authority stating that providing such an offer of proof is improper, let along something that could be subject to a contempt finding? If so, please provide us with such authority so we can adequately respond to your email.

Thanks,
Michael

**Michael P. Aigen**
Partner

STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, TX 75219
Direct: 214.560.2201 \ Bio

**STINSON.COM**
This communication (including any attachments) is from a law firm and may contain confidential and/or privileged information.  If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

**From:** John A. Morris <jmorris@pszjlaw.com>
**Sent:** Saturday, January 22, 2022 7:17 AM
**To:** Rukavina, Davor (drukavina@munsch.com) <drukavina@munsch.com>; Vasek, Julian (jvasek@munsch.com) <jvasek@munsch.com>; Aigen, Michael P. <michael.aigen@stinson.com>; Deitsch-Perez, Deborah R. <deborah.deitschperez@stinson.com>
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Gregory V. Demo <GDemo@pszjlaw.com>; Hayley R. Winograd <hwinograd@pszjlaw.com>
**Subject:** Highland: NOTICE OF INTENT TO FILE A MOTION FOR CONTEMPT

**External Email – Use Caution**

Counsel:

We are reviewing the Defendants' opposition papers to Plaintiff's motion for partial summary judgment and write to address two issues that, if not promptly addressed, will result in Plaintiff filing a motion to hold you, your firms, and your clients in contempt of Court for violating multiple Court orders.

First, Defendants have included in their appendix the expert report of Mr. Tully, dated December 10, 2021 and filed as Appendix Exhibit F (the "Tully Report").  The inclusion of the Tully Report violates the Bankruptcy Court's *Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines*, entered on December 22, 2021, in Adv. Pro. 21-03005 at Docket No. 138 (the "Expert Order"), in response to motions filed by NexPoint, HCMS, and HCRE.  The inclusion of the Tully Report in Defendants' appendix also violates the *Order Approving Stipulation and Agreed Order Governing Discovery and Other Pre-Trial Issues* (*see, e.g.*, Adv. Pro. 21-03004 at Docket No. 67) which required, among other things, that expert disclosures be completed by October 29, 2021 (the "Discovery Order").

Second, in its brief, HCMFA contends, among other things, that "HCMFA never actually signed the notes." HCMFA moved for leave to amend its answer to assert this exact defense (the "Barred Defense"), but the motion was denied in the Court's *Order Denying Defendant's Second Motion for Leave to Amend Answer*, entered on January 14, 2022, in Adv. Pro. 21-03004, at Docket No. 123 (the "Answer Order" and together with the Expert Order and the Discovery Order, the "Orders"). We believe HCMFA's assertion of the defense plainly violates the Answer Order.

Plaintiff demands that Defendants take all steps to (a) withdraw the Tully Report from its Appendix, and (b) remove all references to, and all arguments derived from, the Tully Report and the Barred Defense by 5:00 p.m. on Tuesday, January 25, 2022.

Defendants' failure to timely comply with these demands will result in a motion to hold you, your firms, and your clients in contempt of Court for knowing and intentional violations of the Orders.

Plaintiff reserves, and does not waive, all of its rights at law and in equity with respect to these matters.

Regards,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn