

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 24, 2022**

_____
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

---------------------------------------------------------------

HIGHLAND CAPITAL MANAGEMENT, L.P., §
§
Plaintiff, §
§
vs. §      Adv. Proc. No. 21-03003-sgj
§
JAMES DONDERO, NANCY DONDERO, AND THE §
DUGABOY INVESTMENT TRUST, §
§      Case No. 3:21-cv-00881-X
Defendants. §
§
---------------------------------------------------------------§

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., §<br>§<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>HIGHLAND CAPITAL MANAGEMENT FUND §<br>ADVISORS, L.P., §<br>§<br>§<br>Defendant. §<br>§ | Adv. Proc. No. 21-03004-sgj<br><br>Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT, L.P., §<br>§<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>NEXPOINT ADVISORS, L.P., JAMES §<br>DONDERO, NANCY DONDERO, AND §<br>THE DUGABOY INVESTMENT TRUST, §<br>§<br>§<br>Defendants. § | Adv. Proc. No. 21-03005-sgj<br><br>Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT, L.P., §<br>§<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>HIGHLAND CAPITAL MANAGEMENT §<br>SERVICES, INC., JAMES DONDERO, §<br>NANCY DONDERO, AND THE DUGABOY §<br>INVESTMENT TRUST, §<br>§<br>Defendants. § | Adv. Proc. No. 21-03006-sgj<br><br>Case No. 3:21-cv-00881-X |

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-03007-sgj |
| | § | |
| vs. | § | |
| | § | Case No. 3:21-cv-00881-X |
| HCRE PARTNERS, LLC (n/k/a NexPoint | § | |
| Real Estate Partners, LLC), JAMES | § | |
| DONDERO, NANCY DONDERO, AND | § | |
| THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO SUPPLEMENT BACKUP DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT

Upon consideration of *Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* (the "Motion")[1] filed by Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the plaintiff in the above-captioned Adversary Proceedings,[2] (a) the arguments and evidence set forth in the Motion; (b) the *Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* and the exhibits annexed thereto;[3] (c) the arguments set forth in *Defendants' Opposition to Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment*;[4] and (d) the arguments set forth in *Highland Capital Management L.P.'s*

---

[1] Adv. Proc. Nos. 21-03003-sgj, Docket No. 205; 21-03004-sgj, Docket No. 174; 21-03005-sgj, Docket No. 222; 21-03006-sgj, Docket No. 227; 21-03007-sgj, Docket No. 222.

[2] Capitalized terms not defined herein shall have the meanings ascribed thereto in the Motion.

[3] Adv. Proc. Nos. 21-3003, Docket No. 206; 21-3004, Docket No. 175; 21-3005, Docket No. 223; 21-3006, Docket No. 228; 21-3007, Docket No. 223.

[4] Adv. Proc. Nos. 21-3003, Docket No. 210; 21-3004, Docket No. 179; 21-3005, Docket No. 227; 21-3006, Docket No. 232; 21-3007, Docket No. 227.

*Reply in Further Support of Its Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment*;[5] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1409; and this Court having found that Plaintiff's notice of the Motion was appropriate and that no other notice need be provided; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, the Court:

**FINDS AND DETERMINES THAT**:

1.    Plaintiff's omission of the Supplemental Invoices appears to have been **<u>inadvertent</u>** (given that the amounts set forth therein were included in Highland's total fee request); and

2.    The Court views there to be **<u>no prejudice</u>** to Defendants in granting the requested leave (given that Defendants apparently had 28 days to review the Supplemental Invoices and chose simply to oppose the Motion rather than comment on the invoices—in the alternative—as to their reasonableness or lack thereof); and based on the foregoing, it is

**HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED**.

2.    The Backup Documentation to the Notice of Attorneys' Fees in support of the Proposed Judgment is hereby deemed supplemented with the Supplemental Invoices.

###End of Order###

---

[5] Adv. Proc. Nos. 21-03003-sgj, Docket No. 211; 21-03004-sgj, Docket No. 180; 21-03005-sgj, Docket No. 228; 21-03006-sgj, Docket No. 233; 21-03007-sgj, Docket No. 228.