


**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 10, 2022**

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br><br>Reorganized Debtor. | Case No. 19-34054-sgj11<br><br>Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff.<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.,<br><br>    Defendant. | Adversary No. 21-03004-sgj<br>Civ. Act. No. 3:21-cv-00881 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff.<br><br>v.<br><br>NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>    Defendants. | Adversary No.: 21-03005-sgj<br>Civ. Act. No. 3:21-cv-00880<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff.<br><br>v.<br><br>JAMES D. DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>    Defendants. | Adversary No. 21-03003-sgj<br><br>Civ. Act. No. 3:21-cv-01010<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br><br>    Plaintiff.<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>    Defendants. | Adversary No.: 21-03006-sgj<br><br>Civ. Act. No. 3:21-cv-01378<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br><br>    Plaintiff.<br><br>v.<br><br>HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL ESTATE PARTNERS, LLC), JAMES DONDERO, NANCY DONDERO AND THE DUGABOY INVESTMENT TRUST,<br><br>    Defendants. | Adversary No.: 21-03007-sgj<br><br>Civ. Act. No. 3:21-cv-01379<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |

### SUPPLEMENT TO REPORT AND RECOMMENDATION DATED JULY 19, 2022, TRANSMITTING PROPOSED FORMS OF JUDGMENT

**I.    Introduction and Background**

On July 20, 2022, the bankruptcy clerk transmitted this court's *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants[1] (With Respect to All Sixteen Promissory*

---

[1] The "Note Maker Defendants"—sometimes collectively referred to simply as the "Defendants"—are: James D. Dondero (Adv. Pro. 21-3003)(Civ. Action No. 3:21-cv-01010); Highland Capital Management Fund Advisors, L.P. (Adv. Pro. 21-3004)(Civ. Action No. 3:21-cv-00881); NexPoint Advisors, L.P. (Adv. Pro. 21-3005)(Civ. Action No.

*Notes) in the Above-Referenced Consolidated Note Actions* ("R&R MPSJ")[DE # 50][2] for filing

in the above-referenced consolidated Civ. Act. No. 3:21-cv-881.  In the R&R MPSJ, this court

recommended that the District Court enter summary judgment "holding the Note Maker

Defendants liable for (a) breach of contract and (b) turnover for all amounts due under the Notes,

pursuant to Bankruptcy Code Section 542, including the costs of collection and reasonable

attorneys' fees in an amount to be determined."  In the last paragraph of the R&R MPSJ, this court

directed Plaintiff (Highland) "**to promptly submit a form of Judgment applicable to each Note**

**Maker Defendant that calculates proper amounts due pursuant to this Report and**

**Recommendation, including interest accrued to date (and continuing to accrue per diem), as**

**well as costs and attorneys' fees incurred.**" The court further set forth the procedures for the

submission of the proposed forms of judgment and this court's transmittal of such to the District

Court for its consideration in connection with the R&R MPSJ:

> **The costs and attorneys' fees calculation shall be separately filed as a Notice with backup documentation attached. The Note Maker Defendants shall have 21 days after the filing of such Notice to file an objection to the reasonableness of the attorneys' fees and costs.  The bankruptcy court will thereafter determine the reasonableness in Chambers (unless the bankruptcy court determines that a hearing is necessary) and will promptly submit the form Judgments, along with appropriate attorneys' fees and costs amounts inserted into the form Judgments, to the District Court, to consider along with this Report and Recommendation.**

R&R MPSJ, last para.

---

3:21-cv-00880); Highland Capital Management Services, Inc. (Adv. Pro. 21-3006)(Civ. Action No. 3:21-cv-01378); and HCRE Partners, LLC, n/k/a NexPoint Real Estate Partners, LLC (Adv. Pro. 21-3007)(Civ. Action No. 3:21-cv-01379).

[2] The R&R MPSJ was entered separately in each of the five underlying adversary proceedings on July 19, 2022 prior to transmittal to the District Court.  *See* Adv. Pro. 21-3003 [DE #191], Adv. Pro. 21-3004 [DE #163], Adv. Pro. 21-3005 [DE #207], Adv. Pro. 21-3006 [DE #213], and Adv. Pro. 21-3007 [DE #208].

## II.    Proposed Forms of Judgment and Notices of Attorneys' Fees and Costs

### A.    Highland Submits Proposed Forms of Judgment and Notices of Attorneys' Fees and Costs To Be Included Therein

The parties entered into a stipulation (the "Stipulation") regarding the procedures for objecting to the R&R MPSJ in the District Court and for the submission of the proposed forms of judgment and attorneys' fees and costs to the bankruptcy court pursuant to the directive in the R&R MPSJ, which was filed on July 25, 2022, in each of the adversary proceedings[3] and on July 26, 2022, in the District Court.[4]  In the Stipulation, the parties agreed and stipulated to a briefing schedule as follows:[5]

1.  Plaintiff will file a form of judgment (as described in the R&R) (the "Proposed Judgment") with Notice by August 5, 2022;

2.  Defendants will file any objections to the R&R and/or the Proposed Judgment ("Defendants' Objections") by August 23, 2022; [and,]

3.  Plaintiff will respond to Defendants' Objections on or before September 27, 2022.

On August 5, 2022, Highland filed its *Declaration of David Klos in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment*,[6] *Notice of Attorneys' Fees Calculation and Backup Documentation* regarding the fees and costs of Pachulski, Stang, Ziehl & Jones, L.L.P. ("PSZ&J"),[7] and *Notice of Attorneys' Fees Calculation and Backup Documentation of Hayward*

---

[3] *See* Adv. Pro. 21-3003 [DE #196], Adv. Pro. 21-3004 [DE #168], Adv. Pro. 21-3005 [DE #212], Adv. Pro. 21-3006 [DE #218], and Adv. Pro. 21-3007 [DE #213].

[4] *See* Notice of Stipulation for Objection to Report and Recommendation in Notes Litigation [DE #53].

[5] Stipulation at 4.

[6] *See* Adv. Pro. 21-3003 [DE #199], Adv. Pro. 21-3004 [DE #171], Adv. Pro. 21-3005 [DE #216], Adv. Pro. 21-3006 [DE #221], and Adv. Pro. 21-3007 [DE #216].

[7] *See* Adv. Pro. 21-3003 [DE #197], Adv. Pro. 21-3004 [DE #169], Adv. Pro. 21-3005 [DE #214], Adv. Pro. 21-3006 [DE #219], and Adv. Pro. 21-3007 [DE #214].

*PLLC.*[8]  Highland did not file with the bankruptcy court its proposed forms of judgment (but did upload the proposed form of judgment ("Proposed Judgment(s)") to the bankruptcy court's order processing system in each of the five adversary proceedings).

### B.    *Defendants Object to Proposed Form of Judgment Awarding Attorneys' Fees and Costs*

On August 23, 2022, the Defendants filed in the bankruptcy court *Defendants' Objection to Plaintiff's Proposed Form of Judgment Awarding Attorney's Fees and Costs*[9] in which they objected to Highland's proposed form of judgment and to the reasonableness of the attorneys' fees proposed to be included therein ("Proposed Judgment Objection").[10]  Defendants objections to the Proposed Judgment fall into one of seven categories:

(1) Mathematical error;

(2) Excessive redaction;

(3) Fees should be limited to breach of contract and turnover claims;

(4) "Unsegregated fees" should be excluded;

(5) Fees attributable to "unsuccessful litigation" should be excluded;

(6) PSZ&J's rates are too high;

(7) The distribution of fees and costs equally among the five Defendants is unreasonable.

---

[8] *See* Adv. Pro. 21-3003 [DE #198], Adv. Pro. 21-3004 [DE #170], Adv. Pro. 21-3005 [DE #215], Adv. Pro. 21-3006 [DE #220], and Adv. Pro. 21-3007 [DE #215].

[9] *See* Adv. Pro. 21-3003 [DE #204], Adv. Pro. 21-3004 [DE #173], Adv. Pro. 21-3005 [DE #221], Adv. Pro. 21-3006 [DE #226], and Adv. Pro. 21-3007 [DE #221].

[10] On the same day, the Defendants filed in the District Court *Defendants' Objection to the Bankruptcy Court's Report and Recommendation to the District Court Proposing That It Grant Summary Judgment in Favor of the Plaintiff* ("Objection to R&R MPSJ") [DCT DE #62].

###### C.    *Highland Files Motion for Leave to Supplement Backup Documentation with Supplemental Invoices*

Defendants allege in the Proposed Judgment Objection that there is a math error ("Alleged Math Error") of $395,996.50, *see* Proposed Judgment Objection at 5-6, and "[t]here may be a small portion of that amount attributable to partially redacted entries for which the total was redacted, making it unduly difficult to decipher," *id.* at 6 n.2.  On September 20, 2022, Highland's counsel emailed Defendants' counsel to inform them that there is no Alleged Math Error because: (a) Highland inadvertently omitted from its Backup Documentation the fee invoices for January and February 2022, and (b) some entries were redacted because they referred to tasks unrelated to the Notes Litigation, but the unredacted time should be added up and multiplied by the hourly rate of the applicable timekeeper. Morris Dec. Ex. A.[11]  Highland also attached to its email, *inter alia*, the invoices for January and February 2022 (the "Supplemental Invoices"), which total $307,493.50 (and which account for approximately 80% of the Alleged Math Error). Morris Dec. Ex. B and Ex. C, respectively.  Highland's counsel offered to stipulate to this issue, advising Defendants' counsel that if they did not respond by noon on Friday, September 23, 2022, Highland would move for leave to supplement the Backup Documentation with the Supplemental Invoices. Morris Dec. Ex. A.  Defendants' counsel had not responded as of September 27, 2022, when Highland filed its Motion for Leave, seeking leave of the bankruptcy court to supplement the Backup Documentation with the Supplemental Invoices. Motion for Leave, ¶ 9.  On the same day, Highland filed its *Response to Defendants' Objection to Plaintiff's*

---

[11] References to "Morris Dec." are to the *Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment*, Adv. Pro. 21-3003 [DE #206], Adv. Pro. 21-3004 [DE #175], Adv. Pro. 21-3005 [DE #223], Adv. Pro. 21-3006 [DE #228], and Adv. Pro. 21-3007 [DE #223], filed in the adversary proceedings in connection with Highland's *Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* ("Motion for Leave") filed on September 27, 2022. Adv. Pro. 21-3003 [DE #205], Adv. Pro. 21-3004 [DE #174], Adv. Pro. 21-3005 [DE #222], Adv. Pro. 21-3006 [DE #227], and Adv. Pro. 21-3007 [DE #222].

*Proposed Form of Judgment Awarding Attorney's Fees and Costs*[12] and its brief in support of its Proposed Form of Judgment Awarding Attorneys' Fees and Costs (together, the "Response").[13]

On October 18, 2022 – 28 days after Defendants' counsel had been provided with copies of the Supplemental Invoices – Defendants filed their *Opposition to Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* ("Opposition").[14] Defendants argued that Highland should not be allowed to supplement the Backup Documentation with the Supplemental Invoices because allowing such would cause Defendants to "suffer prejudice." Specifically, Defendants asserted that Highland's failure to include the Supplemental Invoices as part of the original Backup Documentation (a) "has prejudiced Defendants by not allowing Defendants to timely examine the statements for accuracy, duplicity of work, redactions, and other factors relating to a reasonableness and necessity-of-attorney's-fees analysis," (b) gives Highland "two bites at the apple to recover [fees and costs] it never presented to Defendants for examination in the first place," and (c) has caused Defendants to be prejudiced and to suffer "undue surprise because [they were] not afforded an opportunity to examine those statements while [they were] briefing on Plaintiff's originally-provided billing statements." Opposition, ¶ 3.

---

[12] Adv. Pro. 21-3003 [DE #207], Adv. Pro. 21-3004 [DE #176], Adv. Pro. 21-3005 [DE #224], Adv. Pro. 21-3006 [DE #229], and Adv. Pro. 21-3007 [DE #224].

[13] Adv. Pro. 21-3003 [DE #208], Adv. Pro. 21-3004 [DE #177], Adv. Pro. 21-3005 [DE #225], Adv. Pro. 21-3006 [DE #230], and Adv. Pro. 21-3007 [DE #225].

[14] Adv. Pro. 21-3003 [DE #210], Adv. Pro. 21-3004 [DE #179], Adv. Pro. 21-3005 [DE #227], Adv. Pro. 21-3006 [DE #232], and Adv. Pro. 21-3007 [DE #227].

On October 21, 2022, Highland filed its *Reply in Further Support of Its Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* ("Reply").[15]  This court considered Highland's Motion for Leave, Defendants' Opposition, and Highland's Reply and, on October 24, 2022, entered orders in each of the adversary proceedings, granting Highland's Motion for Leave, allowing Highland to supplement the Backup Documentation with the Supplemental Invoices.[16]

>    **D.    This Court Recommends That the District Court Overrule Defendants' Objections to the Proposed Forms of Judgment Awarding Attorneys' Fees and Costs**

This court then turned to its in-chambers review of the Defendants' Proposed Judgment Objection in accordance with the procedures set forth in the "Submission of Judgment" section of its R&R MPSJ.  For the following reasons, this court recommends that the District Court overrule each of the objections set forth in Defendants' Proposed Judgment Objection:

>    *1.  Objection #1: Mathematical Error*

As noted above, Defendants object to the proposed attorneys' fees and costs based on an Alleged Math Error.  With leave of court, Highland supplemented the Backup Documentation with two invoices (for January 2022 and February 2022), which accounted for nearly 80% of the Alleged Math Error.   The remaining approximately 20% of the Alleged Math Error was attributable to the "partially redacted entries for which the total was redacted" and which Defendants found to be "unduly difficult to decipher."  Highland explained that multiplying the time identified in the unredacted portions of the partially redacted entries, only, by the hourly rate

---

[15] Adv. Pro. 21-3003 [DE #211], Adv. Pro. 21-3004 [DE #180], Adv. Pro. 21-3005 [DE #228], Adv. Pro. 21-3006 [DE #233], and Adv. Pro. 21-3007 [DE #228].

[16] Adv. Pro. 21-3003 [DE #212], Adv. Pro. 21-3004 [DE #181], Adv. Pro. 21-3005 [DE #229], Adv. Pro. 21-3006 [DE #234], and Adv. Pro. 21-3007 [DE #229].

of the identified timekeeper (and totaling the resultant amounts) accounts for the remaining Alleged Math Error, such that there is no math error in the proposed attorneys' fees and costs to be included in the Proposed Judgments. Thus, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

2. *Objection #2: Excessive Redaction*

Defendants contend that fees should not be awarded for "overly redacted" time entries. As set forth in the Morris Declaration (filed in support of the Proposed Judgment(s) and Notices of Attorneys' Fees and Costs), Highland does not seek compensation for any time entry that was redacted; therefore, the court recommends that the district court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

3. *Objection #3: Fees Should Be Limited to Breach of Contract and Turnover Claims*

Defendants argue that Plaintiff may only recover fees for the breach of contract and turnover claims in the complaints because those two counts were "the only claims addressed by the R&R issued by the Court," quoting the Texas Supreme Court case, *Tony Cullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006), for the proposition that "Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees." The *Chapa* case does not support Defendants' objection because the court there held, unremarkably, that because Texas law does not permit recovery for attorneys' fees on a fraud claim and because there was no contract between the parties allowing for such recovery, the trial court's inclusion of attorney fees in the judgment constituted error. Here, the Notes at issue ***do*** provide that Highland is entitled to ***all*** costs of collection, not just those directly incurred on a subset of litigated issues. Specifically, Section 6 of each Note provides:

**Attorneys' Fees.** If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

Nothing in Section 6 limits Highland's recovery of "all actual expenses of collection" to only breach of contract and turnover claims, where all of the causes of action and claims asserted in the adversary proceeding were expenses of collecting on the Notes.

Moreover, the Texas Supreme Court in *Varner v. Cardenas*, 218 S.W.3d 68, 69 (Tex. 2007)(citations omitted), which expressly followed *Chapa*, upheld an award of attorneys' fees to the prevailing plaintiff who successfully sued on a promissory note that included fees incurred by the plaintiff in defending against the defendant's counterclaim:[17]

But we disagree that fees defending against the [defendants'] counterclaim must be segregated too.  By asserting a shortfall of acreage as a defense and counterclaim, [defendants] sought to reduce the amount collected on the note; to collect the full amount, [plaintiffs] had to overcome this defense.  As their attorney's efforts to that effect were necessary to recover on their contract, they are recoverable.

Here, all of the counts in the amended complaint were included in connection with, and directly related to, Highland's pursuit of recovery on the Notes.  All of the time spent by Highland's counsel responding to Defendants' various defenses and litigating the myriad issues that have arisen in these proceedings were incurred in pursuit of, and were necessary to, Highland's recovery on the Notes.  Thus, because all of the attorneys' fees and costs submitted by Highland for

---

[17] *See also In re Arnette*, 2011 WL 3651294, *3 -*4 (Bankr. N.D. Tex. Aug. 18, 2011)(where the bankruptcy court found that fees incurred by plaintiff in plaintiff's successful suit on a note that were incurred to prove plaintiff's (a) fraud claims "contributed directly to the [plaintiff's] efforts to collect and enforce the notes against [the defendant such that] . . . [t]he terms of the notes themselves make these fees recoverable," and (b) § 523 claims "were part and parcel of its efforts to collect and enforce the breach of contract and suit on a note claims[, and, thus,] "fall within the ambit of the recoverable fees under the notes.").

inclusion in the Proposed Judgments were incurred as "actual expenses of collection" on the Notes, they are recoverable by Highland in the Proposed Judgments.  For these reasons, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

### 4.  *Objection #4: "Unsegregated fees" Should Be Excluded*

Defendants argue that Highland should not recover fees where counsels' time records did not "segregate" fees among the several Defendants, citing the *Clearview Properties*[18] case. *Clearview Properties* stands for the proposition that a plaintiff seeking an award of fees has the burden of demonstrating that segregation is not required and that a mere assertion that all claims against all defendants arise from common facts can be insufficient to satisfy that burden. Defendants ignore a critical distinction between these adversary proceedings and the *Clearview Properties* case: "*these Adversary Proceedings were consolidated for all purposes*, something to which the Defendants readily agreed." Response, ¶ 15.  Early in the proceedings, this court approved a stipulation of the parties providing, among other things:[19]

> The Parties agree that discovery taken in this case will be consolidated with discovery taken in the [ ] [A]dversary [P]roceedings and all discovery in each of the [A]dversary [P]roceedings will be treated as if it was taken in all of the [A]dversary [P]roceedings . . . so that each witness will only need to be deposed once and documents produced in any of the [A]dversary [P]roceedings are usable as if received in every other [P]roceeding.

Highland points out the absurdity of Defendants' argument in its Response,[20]

---

[18] *Clearview Properties, L.P. v. Property Texas SC One Corp.*, 287 S.W.3d 132, 144 (Tex.App. – Houston [14th Dist.] 2009).

[19] *See Order Approving Stipulation Governing Discovery and Other Pre-Trial Issues*, at ¶ 4, Adv. Pro. 21-3003 [DE #86], Adv. Pro. 21-3004 [DE #67], Adv. Pro. 21-3005 [DE #70], Adv. Pro. 21-3006 [DE #75], and Adv. Pro. 21-3007 [DE #70].

[20] Response, at ¶ 20.

> The very consolidation that enabled all parties and this Court to enjoy at least some level of litigation efficiency, the very consolidation these Defendants wanted and moved this Court to impose, is now the consolidation Defendants would have this Court utterly ignore in favor of requiring Plaintiff to do the impossible—to segregate fees incurred in fully consolidated proceedings, Defendant by closely-affiliated Defendant, as though there were no consolidation either ordered by this Court or stipulated to by these Defendants. The egg has been thoroughly scrambled for well over a year. Defendants willingly scrambled it, but would now have the prevailing Plaintiff separate yolk from white.

This court agrees that Defendants should not now be heard to complain about the consequences of the very consolidation of these Adversary Proceedings that was done at the behest of all parties, including the Defendants, for the purposes of creating litigation efficiencies (which necessarily benefited all of the Defendants in the end by limiting the total attorneys' fees incurred in connection with the litigation of the consolidated proceedings). Accordingly, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

   5.  *Objection #5: Fees Attributable to "Unsuccessful Litigation" Should Be Excluded*

      In their Proposed Judgment Objection, Defendants argue that a plaintiff cannot recover attorneys' fees for work related to "***claims*** as to which he or she did not prevail," Proposed Judgment Objection, 16 (quoting a Massachusetts federal district court case—*Roggio v. Grasmuck*, 18 F.Supp.3d 49, 56 (D. Mass. 2014)(citing a First Circuit case, *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008))(emphasis added)). Defendants follow with a "*see also*" citation to the only case cited by the Defendants that would be binding authority: to the Fifth Circuit's *Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 246-48 (5th Cir. 2011), for the proposition that Highland must "present evidence by which to allocate its legal fees among successful and unsuccessful ***claims***." *Id.* (emphasis added). Finally, Defendants highlight three pieces of this complex and lengthy litigation as instances in which Highland "did not prevail" and

argue that, under their cited legal "authority," Highland cannot recover fees that are associated with those three pieces of litigation.

Neither the nonbinding authority nor the binding Fifth Circuit authority is applicable to Highland's ability to recover the full amount of the fees requested here.  First, the authorities discuss the recoverability under certain circumstances of fees incurred in litigating successful *claims*, in the sense of causes of action, versus unsuccessful *claims*, again, in the sense of causes of action, in the same litigation.  None of the three litigation instances identified by Defendants as "matters" in which Highland "did not prevail"[21] were separate *claims* (or causes of action) being pursued by Highland in the litigation.  Rather, they were discrete issues that were litigated in the context of Highland's pursuit of collection on the Notes.   And, as noted above, pursuant to the terms of the Notes, Highland is entitled to recover *all* expenses of collection, including attorneys' fees and costs.  If attorneys' fees were incurred in the course of Highland's efforts to collect on the Notes, those fees are recoverable.

Defendants cite no law that requires a successful plaintiff entitled to *all* expenses (including costs and attorneys' fees) of collection on a note to prevail on every motion or issue that is litigated

---

[21] The three matters in which Defendants assert Highland "did not prevail" were (1) its opposition to Defendants' motion to strike a David Klos declaration; (2) its motion for sanctions that was filed as a part of a single motion seeking two forms of relief: (a) the striking of an argument in opposition to summary judgment that was precluded by a prior court order and (b) sanctions for that conduct; and (3) its efforts to consolidate these proceedings before a different district court judge than who ultimately received these cases.  Highland argues that a plaintiff's "uniform success at every small step on the way to complete victory" is not required in order to recover *all* fees under the notes and that, even if such were a requirement, the Defendants "mischaracterize all three instances of so-called 'unsuccessful' litigation." Response, ¶ 23.  With respect to Highland's opposition to the striking of the David Klos declaration, Highland notes that the Bankruptcy Court granted the motion on the ground that Highland had not sought leave to include the declaration in a reply appendix, and, thus, it "was a simple evidentiary ruling by the court and does not constitute an example of 'unsuccessful litigation.'" *Id.* at ¶ 23(a).  With respect to the request for sanctions, Highland argues that it did not "lose" its "motion for sanctions"; rather, Highland prevailed on its motion seeking to strike one of Defendants' arguments in opposition to summary judgment that included a request for sanctions that the Bankruptcy Court did not grant when it granted the motion. *Id.* at ¶ 23(b).  Lastly, Highland argues that its efforts to consolidate these proceedings before a different district judge "were good-faith efforts to maximize Plaintiff's chances of success in nascent litigation against a highly-litigious set of foes" that was resolved in a couple of weeks and was not "unreasonable." *Id.* at ¶ 23(c).

in a multi-faceted, multiple-defendant, multi-year, consolidated-for-all-purposes litigation to have "all expenses of collection" awarded as part of the judgment on the note. Defendants' citation to the Fifth Circuit's *Wal-Mart* case is misplaced. In the *Wal-Mart* case, the Fifth Circuit addressed the issue of whether, under Mississippi law, Wal-Mart was entitled to recover from one defendant the full amount of attorneys' fees incurred in its breach of contract and negligence suit against three firms that it had hired to assist with the design and construction of a new store after the jury had awarded damages to Wal-Mart on some, but not all, of its causes of action. After trial, the jury had found that the testing and inspection firm ("Qore") was liable for 10% of the damages to the building along with one of the other defendant firms, which the jury found to be liable for 90% of the damages to the building. *Wal-Mart*, 647 F.3d at 241. The jury also determined that Qore's liability on the damages to the building claim was entirely attributable to its work done under its testing and inspection contract and not under its geotechnical services contract. *Id.* By post-trial motion, Wal-mart sought to recover the entire amount of its fees incurred in the litigation—on all claims, successful and unsuccessful, and against all parties—from Qore. *Id.* The district court granted Wal-Mart's motion subject to a small reduction attributable to an adjustment to the lodestar rate and some excessive billing. *Id.* at 242. Qore appealed the district court's fee award, and asked the Fifth Circuit to vacate it. *Id.* at 242.

The Court first agreed with the district court's finding that a plain reading of an indemnity provision in the testing and inspection contract, which stated that "[Qore] . . . agrees to indemnify and hold Wal-Mart free and harmless from any claim, demand, loss, damage, or injury (including Attorney's fees) caused by any negligent act or omission by [Qore] . . . ," allowed for Wal-Mart's recovery of reasonable fees. *Id.* at 243. Qore contended, though, that "in light of Wal-Mart's multiple claims against multiple parties, only one of which was successful as to Qore, the district

14

court's fee award should be vacated because Wal-Mart failed to present competent evidence by which to allocate its legal fees among successful and unsuccessful claims as required by Mississippi law" and that "Wal-Mart's recovery is limited to those fees incurred in prosecuting the single claim upon which it prevailed against Qore, i.e., fees spent proving Qore's fractional share of liability on the building repair claim. . . ." *Id.* at 244.   The Fifth Circuit agreed with Qore.  But, importantly as to why *Wal-Mart* does not support Defendants' objection here, the Fifth Circuit found that "Wal-Mart's recovery should have been limited to those attorney's fees incurred in proving Qore's liability on the building repair claim," *id.* at 245-46, only because the sole basis for Wal-Mart's recovery of attorney's fees against Qore was the contractual indemnity provision, and a plain reading of that provision—that entitled Wal-Mart to reimbursement of attorney's fees "caused by any negligent act or omission" on the part of Qore—limited Qore's duty to reimburse Wal-Mart for its reasonable attorney's fees "to those fees proximately and legally 'caused by' Qore's negligence." *Id.* at 245.

Here, to repeat a theme throughout this supplemental report and recommendation, all of the Notes that were the subject of this litigation and the Proposed Judgments provide that Highland is entitled to recover "***all*** actual expenses of collection" on the Notes, including "all court costs and reasonable attorneys' fees incurred by the holder hereof." (emphasis added). There is no limitation to the phrase "all actual expenses of collection" that is similar to the language in the contract in the *Wal-Mart* case that limited Wal-Mart's recovery of fees to those fees "caused by" Qore's negligence.  The attorneys' fees sought by Highland were all expenses incurred in the collection of the Notes in these consolidated proceedings in which Highland was successful against all of the Defendants identified in the Proposed Judgments and from whom Highland seeks recovery of reasonable attorneys' fees and costs.  In the *Wal-Mart* case, the defendants were

15

unaffiliated, the plaintiff did *not* prevail against all the defendants, and there was no mention of the type of deep consolidation of all proceedings in that litigation that has occurred in these Adversary Proceedings (at the behest and agreement of all of the parties to this litigation, including the Defendants). For these reasons, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

6. *Objection #6: PSZJ's's Rates Are Too High*

Defendants argue that PSZJ's rates are unreasonably high because they exceed the rates charged by local firms for similar services. This court has already approved PSZJ's rates as reasonable under § 330 and under the applicable standard originally announced by the Fifth Circuit in *Johnson*.[22] In addition, Mr. Dondero, when he controlled Highland, personally hired PSZJ to be bankruptcy counsel for Highland and "agreed, in writing, to the very fee structure and rates (albeit with disclosed, annual increases customary in the industry) he now complains about." *See* Response, ¶ 25. This court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

7. *Objection #7: The Distribution of Fees and Costs Among Defendants Is Unreasonable*

Defendants assert that Highland's proposed distribution of awarded fees among the five Defendants "is unreasonable because it arbitrarily advocates for a distribution of the fees among the five Defendants equally (one-fifth each) regardless of the amount of the proposed judgment

---

[22] *See* Bankr. Case No. 19-34054-sgj11, *Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* [BC DE #2906], at 37–39 (describing how PSZJ's fees satisfied the *Johnson* factors—*see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)); *Order Granting Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* [BC DE #3055].

against each Defendant and their involvement in the case." Proposed Judgment Objection, 21.  In response, Highland indicates that it "is indifferent and has no objection if Defendants would rather allocate Plaintiff's fees and costs *pro rata*, based on the ratio of the outstanding principal and interest owed by each Obligor to the total principal and interest owed by all Obligors." Response, ¶ 27.  Thus, without deciding whether an equal allocation among Defendants of attorneys' fees and costs is improper in these adversary proceedings, this court recommends to the District Court that the provision in each of the Proposed Judgments that allocates to each Defendant "one-fifth of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland," be replaced with an actual allocated amount of the fees and costs, which is a *pro rata* allocation based on the ratio of the outstanding principal and interest owed by each Note Maker Defendant to the total principal and interest owed by all Note Maker Defendants under the Proposed Judgments.

## III.    Submission of Proposed Forms of Judgment to District Court

Having considered the Proposed Judgment in each of the adversary proceedings and the Notices and Backup Documentation (as supplemented by Highland) regarding the attorneys' fees and costs to be inserted into each Proposed Judgment; Defendants' Proposed Judgment Objection; and Highland's Response; and for the reasons set forth herein, this court hereby supplements its R&R MPSJ and recommends to the District Court that it, after consideration of the R&R MPSJ and this supplemental report and recommendation, enter the applicable Proposed Judgment (as modified to reflect a *pro rata* allocation of attorneys' fees and costs based on the ratio of the outstanding principal and interest owed by each Note Maker Defendant to the total principal and interest owed by all Note Maker Defendants) in each of the five adversary proceedings that are hereby transmitted as exhibits hereto.  The proposed forms of judgment in

17

Adv. Proc. No. 21-3003, Adv. Proc. No. 21-3004, Adv. Proc. No. 21-3005, Adv. Proc. No. 21-3006, and Adv. Proc. No. 21-3007 are attached hereto as **Exhibits A-E**, respectively.[23]

### *End of Supplement to Report and Recommendation* ###

---

[23] A spreadsheet showing this court's calculation of the proposed allocation of attorneys' fees and costs to each Note Maker Defendant is attached hereto as **Exhibit F**.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., § | |
| § | Bankr. Case No. 19-34054-sgj11 |
| Reorganized Debtor.            § | |
| § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., § | |
| § | Adv. Pro. No. 21-3003-sgj |
| Plaintiff,            § | |
| § | Civ. Act. No. 3:21-cv-1010-X |
| JAMES DONDERO, NANCY DONDERO, and § | |
| THE DUGABOY INVESTMENT TRUST,     § | **(Consolidated under** |
| § | **Civ. Act. No. 3:21-cv-881-X)** |
| Defendants.            § | |
| § | |

**<u>PROPOSED FORM OF JUDGMENT</u>**

This matter having come before the Court on the *Motion for Partial Summary Judgment in*

*Notes Actions* (the "<u>Motion</u>") filed by Highland Capital Management, L.P. ("<u>Highland</u>" or

"<u>Plaintiff</u>"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-

referenced adversary proceeding; and the Court having considered (a) Highland's Motion and all arguments

and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion

and all arguments and evidence admitted into the record in support of such responses and objections, and the

arguments presented by counsel during the hearing held on April 20, 2022, on the Motion (the

1

**Exhibit A**

"<u>Hearing</u>"); and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* ("<u>R&R</u>") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "<u>Final Judgment</u>").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1.      Mr. James Dondero ("<u>Mr. Dondero</u>") will owe Highland **$3,873,613.93** in accrued but unpaid principal and interest due under Dondero's First Note[1] (issued on February 2, 2018) as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the First Dondero Note at the rate of **$278.50** per day and will increase to **$285.91** per day on **February 2, 2023**.

2.      Mr. Dondero will owe Highland **$2,778,356.23** in accrued but unpaid principal and interest due under Dondero's Second Note (issued on August 1, 2018) as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on Dondero's Second Note at the rate of **$224.43** per day and will increase to **$231.05** per day on **August 1, 2023**.

3.      Mr. Dondero will owe Highland **$2,778,339.88** in accrued but unpaid principal and interest due under Dondero's Third Note (issued on August 13, 2018) as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on Dondero's Third Note at the rate of **$218.20** per day and will increase to **$224.64** per day on **August 13, 2022**.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

2

4.       In addition to the forgoing, and pursuant to the terms of each applicable Note, Mr. Dondero shall pay to Highland the amount of **$443,074.35**, which is his *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by Mr. Dondero to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

5.       The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%.  Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

### # # # END OF ORDER # # #

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Bankr. Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § | |
| | § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Adv. Pro. No. 21-3004-sgj |
| Plaintiff, | § | |
| | § | Civ. Act. No. 3:21-cv-881-X |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § | |
| | § | |
| Defendants. | § | |
| | § | |

<u>**PROPOSED FORM OF JUDGMENT**</u>

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "<u>Motion</u>") filed by Highland Capital Management, L.P. ("<u>Highland</u>" or "<u>Plaintiff</u>"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion

1

**Exhibit B**

and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* ("R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1.     Highland Capital Management Fund Advisors, L.P. ("HCMFA") will owe Highland **$2,552,628.61** in accrued but unpaid principal and interest due under HCMFA's First Note[1] (issued on May 2, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCMFA's First Note at the rate of **$166.08** per day and will increase to **$170.05** per day on **May 2, 2023.**

2.     HCMFA will owe Highland **$5,317,989.86** in accrued but unpaid principal and interest due under HCMFA's Second Note (issued on May 3, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCMFA's Second Note at the rate of **$346.02** per day and will increase to **$354.29** per day on **May 3, 2023.**

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

3.       In addition to the forgoing, and pursuant to the terms of each applicable Note, HCMFA shall pay to Highland the amount of **$369,793.69**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by HCMFA to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

4.       The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%.  Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | Bankr. Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § § | |
| Plaintiff, | § § § | Adv. Pro. No. 21-3005-sgj |
| | | Civ. Act. No. 3:21-cv-880-X |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, ADVISORS, L.P., NANCY DONDERO, and THE DUGABOY INVESTMENT TRUST | § § § | **(Consolidated under
Civ. Act. No. 3:21-cv-881-X)** |
| Defendants. | § § § | |

## <u>PROPOSED FORM OF JUDGMENT</u>

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "<u>Motion</u>") filed by Highland Capital Management, L.P. ("<u>Highland</u>" or "<u>Plaintiff</u>"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for

1

**Exhibit C**

the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1.      NexPoint Advisors, L.P. ("NexPoint") will owe Highland **$23,389,882.79** in accrued but unpaid principal and interest due under the NexPoint Term Note[1] (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the NexPoint Term Note at the rate of **$3,801.79** per day and will increase to **$4,029.90** per day on **May 31, 2023.**

2.      In addition to the forgoing, and pursuant to the terms of each the Note, NexPoint shall pay to Highland the amount of **$1,098,951.89**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by NexPoint to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

3.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

### # # # END OF ORDER # # #

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., § <br> § <br> Reorganized Debtor. § <br> § | Bankr. Case No. 19-34054-sgj11 |
| HIGLAND CAPITAL MANAGEMENT, L.P., § <br> § <br> Plaintiff, § <br> § <br> HIGHLAND CAPITAL MANAGEMENT § <br> SERVICES, INC., JAMES DONDERO, NANCY § <br> DONDERO, and THE DUGABOY § <br> INVESTMENT TRUST § <br> § <br> Defendants. § <br> § | Adv. Pro. No. 21-3006-sgj <br><br> Civ. Act. No. 3:21-cv-1378-X <br><br> **(Consolidated under** <br> **Civ. Act. No. 3:21-cv-881-X)** |

## <u>PROPOSED FORM OF JUDGMENT</u>

This matter having come before the Court on the *Motion for Partial Summary Judgment in*

*Notes Actions* (the "<u>Motion</u>") filed by Highland Capital Management, L.P. ("<u>Highland</u>" or

"<u>Plaintiff</u>"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the

above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and

1

**Exhibit D**

all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1.      Highland Capital Management Services, Inc. ("HCMS") will owe Highland **$166,196.60** in accrued but unpaid principal and interest due under HCMS's First Demand Note[1] (issued on March 28, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCMS's First Demand Note at the rate of **$12.98** per day and will increase to **$13.35** per day on **March 26, 2023.**

2.      HCMS will owe Highland **$222,917.23** in accrued but unpaid principal and interest due under HCMS's Second Demand Note (issued on June 25, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCMS's Second Demand Note at the rate of **$18.56** per day and will increase to **$19.13** per day on **June 25, 2023.**

3.      HCMS will owe Highland **$425,435.63** in accrued but unpaid principal and interest due under HCMS's Third Demand Note (issued on May 29, 2019), as of August 8, 2022, after

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue under HCMS's Third Demand Note at the rate of **$27.73** per day and will increase to **$28.39** per day on **May 29, 2023**.

4.      HCMS will owe Highland **$159,454.92** in accrued but unpaid principal and interest due under HCMS's Fourth Demand Note (issued on June 26, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCMS's Fourth Demand Note at the rate of **$10.32** per day and will increase to **$10.57** per day on **June 26, 2023**.

5.      HCMS will owe Highland **$6,071,718.32** in accrued but unpaid principal and interest due under the HCMS Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the HCMS Term Note at the rate of **$455.09** per day and will increase to **$467.61** per day on **May 31, 2023**.

6.      In addition to the forgoing, and pursuant to the terms of each applicable Note, HCMS shall pay to Highland the amount of **$331,036.73**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by HCMS to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

7.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

### # # # END OF ORDER # # #

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Bankr. Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § | |
| | § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Adv. Pro. No. 21-3007-sgj |
| Plaintiff, | § | |
| | § | Civ. Act. No. 3:21-cv-1379-X |
| HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL | § | |
| REAL ESTATE PARTNERS, LLC)., JAMES | § | **(Consolidated under** |
| DONDERO, NANCY DONDERO, and | § | **Civ. Act. No. 3:21-cv-881-X)** |
| THE DUGABOY INVESTMENT TRUST | § | |
| | § | |
| Defendants. | § | |
| | § | |

**<u>PROPOSED FORM OF JUDGMENT</u>**

      This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "<u>Motion</u>") filed by Highland Capital Management, L.P. ("<u>Highland</u>" or "<u>Plaintiff</u>"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion

**Exhibit E**

and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

      **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

      1.     HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) ("HCRE") will owe Highland **$195,476.70** in accrued but unpaid principal and interest due under HCRE's First Demand Note[1] (issued on November 27, 2013), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCRE's First Demand Note at the rate of **$40.58** per day and will increase to **$43.83** per day on **November 27, 2022**.

      2.     HCRE will owe Highland **$3,551,285.37** in accrued but unpaid principal and interest due under HCRE's Second Demand Note (issued on October 12, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCRE's Second Demand Note at the rate of **$730.34** per day and will increase to **$788.77** per day on **October 12, 2022**.

      3.     HCRE will owe Highland **$986,472.32** in accrued but unpaid principal and interest due under HCRE's Third Demand Note (issued on October 15, 2018), as of August 8, 2022, after

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCRE's Third Demand Note at the rate of **$203.00** per day and will increase to **$219.24** per day on **October 15, 2022**.

4.　　HCRE will owe Highland **$866,600.77** in accrued but unpaid principal and interest due under HCRE's Fourth Demand Note (issued on September 25, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue under HCRE's Fourth Demand Note at the rate of **$177.60** per day and will increase to **$191.81** per day on **September 25, 2022**.

5.　　HCRE will owe Highland **$6,196,688.51** in accrued but unpaid principal and interest due under the HCRE Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the HCRE Term Note at the rate of **$1,337.94** per day and will increase to **$1,444.98** per day on **May 31, 2023**.

6.　　In addition to the forgoing, and pursuant to the terms of each applicable Note, HCRE shall pay to Highland the amount of **$554,248.69**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by HCRE to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

7.　　The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

3

**PROPOSED ALLOCATION OF ATTORNEYS' FEES AND COSTS**

| Civ. Act. No. * | Bankr. Adv. # | Note Maker Defendant ** | P&I by Note | P&I by Defendant | Attys' Fees Ratio (Def P&I/Tot P&I) | Pro Rata Amt Attys' Fees | Equal Allocation of Attys' Fees to each Def |
|---|---|---|---|---|---|---|---|
| 3:21-cv-1010 | 21-3003 | Dondero | $ 3,873,613.93 | | | | |
| | | | $ 2,778,356.23 | | | | |
| 3:21-cv-881 | 21-3004 | HCMFA | $ 2,778,339.88 | $ 9,430,310.04 | 0.158404598 | $ 443,074.35 | $ 559,421.07 |
| | | | $ 2,552,628.61 | | | | |
| | | | $ 5,317,989.86 | $ 7,870,618.47 | 0.13220585 | $ 369,793.69 | $ 559,421.07 |
| 3:21-cv-880 | 21-3005 | NextPoint | $ 23,389,882.79 | $ 23,389,882.79 | 0.392888988 | $ 1,098,951.89 | $ 559,421.07 |
| 3:21-cv-1378 | 21-3006 | HCMS | $ 166,196.60 | | | | |
| | | | $ 222,917.23 | | | | |
| | | | $ 425,435.63 | | | | |
| | | | $ 159,454.92 | | | | |
| 3:21-cv-1379 | 21-3007 | HCRE | $ 6,071,718.32 | $ 7,045,722.70 | 0.118349753 | $ 331,036.73 | $ 559,421.07 |
| | | | $ 195,476.70 | | | | |
| | | | $ 3,551,285.37 | | | | |
| | | | $ 986,472.32 | | | | |
| | | | $ 866,600.77 | | | | |
| | | | $ 6,196,688.51 | $ 11,796,523.67 | 0.198150811 | $ 554,248.69 | $ 559,421.07 |
| | | | $ 59,533,057.67 | $ 59,533,057.67 | 1 | $ 2,797,105.35 | $ 2,797,105.35 |

*The 5 Proceedings were consolidated at the District Court level under Civ. Act. No. 3:21-cv-881.

**Each of the proceedings (with the exception of 3:21-cv-881, where HCMFA is the only defendant) have additional defendants, but the Proposed Judgments are proposed to be entered against only the identified Note Maker Defendant in each proceeding.

**Exhibit F**

United States Bankruptcy Court
Northern District of Texas

Highland Capital Management, L.P.,
    Plaintiff
                                       Adv. Proc. No. 21-03004-sgj
Highland Capital Management Fund Advisor,
    Defendant

# CERTIFICATE OF NOTICE

District/off: 0539-3                                  User: admin                              Page 1 of 2
Date Rcvd: Nov 14, 2022                       Form ID: pdf001                         Total Noticed: 2

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 16, 2022:**

NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | + Email/Text: ustpregion06.da.ecf@usdoj.gov | Nov 14 2022 23:23:00 | United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-0996 |
| ust | + Email/Text: ustpregion07.au.ecf@usdoj.gov | Nov 14 2022 23:23:00 | United States Trustee - AU12, United States Trustee, 903 San Jacinto Blvd, Suite 230, Austin, TX 78701-2450 |

TOTAL: 2

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 16, 2022                       Signature:         /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 10, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Davor Rukavina | on behalf of Defendant Highland Capital Management Fund Advisors  L.P. drukavina@munsch.com |
| Julian Preston Vasek | on behalf of Defendant Highland Capital Management Fund Advisors  L.P. jvasek@munsch.com |
| Juliana Hoffman | on behalf of Creditor Committee Official Committee of Unsecured Creditors jhoffman@sidley.com |

Date Rcvd: Nov 14, 2022                              Form ID: pdf001                              Total Noticed: 2

txefilingnotice@sidley.com;julianna-hoffman-8287@ecf.pacerpro.com

Melissa S. Hayward

on behalf of Plaintiff Highland Capital Management  L.P. MHayward@HaywardFirm.com, mholmes@HaywardFirm.com

Paige Holden Montgomery

on behalf of Creditor Committee Official Committee of Unsecured Creditors pmontgomery@sidley.com
txefilingnotice@sidley.com;paige-montgomery-7756@ecf.pacerpro.com;crognes@sidley.com;ebromagen@sidley.com;efilingnotice@sidley.com

Zachery Z. Annable

on behalf of Plaintiff Highland Capital Management  L.P. zannable@haywardfirm.com


TOTAL: 6