

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 7, 2022**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| In re: | Case No. 19-34054-sgj11 |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P. | |
| Reorganized Debtor. | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | |
| Plaintiff. | |
| v. | Adversary No. 21-03004-sgj |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | Civ. Act. No. 3:21-cv-00881 |
| Defendant. | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | |
| Plaintiff. | Adversary No.: 21-03005-sgj |
| v. | Civ. Act. No. 3:21-cv-00880 |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | **(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |
| Defendants. | |

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff.<br><br>v.<br><br>JAMES D. DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>Defendants. | Adversary No. 21-03003-sgj<br><br>Civ. Act. No. 3:21-cv-01010<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff.<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>Defendants. | Adversary No.: 21-03006-sgj<br><br>Civ. Act. No. 3:21-cv-01378<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff.<br><br>v.<br><br>HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL ESTATE PARTNERS, LLC), JAMES DONDERO, NANCY DONDERO AND THE DUGABOY INVESTMENT TRUST,<br><br>Defendants. | Adversary No.: 21-03007-sgj<br><br>Civ. Act. No. 3:21-cv-01379<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |

**ORDER: (A) GRANTING DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR ARGUMENT AGAINST PLAINTIFF'S SUPPLEMENTED NOTICE OF ATTORNEYS' FEES; BUT (B) DENYING ANY FURTHER RELIEF**

Came on for consideration the *Defendants' Motion for Leave to Supplement Their Argument Against Plaintiff's Supplemented Notice of Attorneys' Fees ("Defendants' Motion for Leave")*[1] filed on November 2, 2022. The *Defendants' Motion for Leave* relates to the

---

[1] See Adv. Pro. 21-3003 [DE #216], Adv. Pro. 21-3004 [DE #185], Adv. Pro. 21-3005 [DE #233], Adv. Pro. 21-3006 [DE #238], and Adv. Pro. 21-3007 [DE #233].

2

Notices and Backup Documentation for the attorneys' fees and costs that Plaintiff/Highland seeks to have awarded as part of its damages in connection with the above-referenced actions.

Plaintiff/Highland filed its Notice and Backup Documentation for its attorneys' fees and costs that Plaintiff/Highland seeks to have awarded as part of its damages in connection with the above-referenced actions. But then later, Plaintiff/Highland sought leave to supplement its Backup Documentation with invoices from January and February of 2022 that it had previously omitted ("*January/February Invoices*"), apparently due to inadvertence. Defendants objected to the bankruptcy court granting leave for this supplementation, but the bankruptcy court overruled and granted leave on October 24, 2022, to allow Plaintiff/Highland to supplement its attorneys' fee request with these *January/February Invoices*.[2] Then, in early November, the bankruptcy court—not having seen the *Defendants' Motion for Leave* on the dockets in these actions[3]—completed its review of the Notices and Backup Documentation; the Defendants' original objection thereto; Highland's Response thereto; and the *January/February Invoices*. On November 10, 2022, which was eight days after Defendants filed the *Defendants' Motion for Leave*, the bankruptcy court issued its *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment* ("*November 10, 2022 Supplement to R&R*") in each of the above actions,[4] which was transmitted to the District Court on November 14, 2022.[5] The *November 10, 2022 Supplement to R&R* recommended specific attorneys' fees and

---

[2] *See* Adv. Pro. 21-3003 [DE #212], Adv. Pro. 21-3004 [DE #181], Adv. Pro. 21-3005 [DE # 229], Adv. Pro. 21-3006 [DE #234], and Adv. Pro. 21-3007 [DE #229]. It is Defendants' specific objections to the reasonableness of the fees in the Supplemental Invoices that Defendants now seek leave to submit to the court for its consideration.

[3] This was an oversight in a bankruptcy case with multiple adversary proceedings that generate literally thousands of pages of filings on a regular basis.

[4] Adv. Pro. 21-3003 [DE #217], Adv. Pro. 21-3004 [DE #186], Adv. Pro. 21-3005 [DE #234], Adv. Pro. 21-3006 [DE #239], and Adv. Pro. 21-3007 [DE #234].

[5] *See* DCT DE ##80-83, with respect to Adv. Pro. 21-3003 (Civ. Act. No. 3:21-cv-1010), Adv. Pro. 21-3005 (Civ. Act. No. 21-880), Adv. Pro. 21-3006 (Civ. Act. No. 3:21-cv-1378), and Adv. Pro. 21-3007 (Civ. Act. No. 3:21-cv-

costs that the bankruptcy court determined were appropriate to award Plaintiff/Highland as part of its proposed Judgments. The recommended award included attorneys' fees and costs set forth in the *January/February Invoices*.

On November 17, 2022, Highland filed its *Objection to Defendants' Motion for Leave to Supplement Their Argument Against Plaintiff's Supplemented Notice of Attorneys' Fees* ("*Objection*").[6] It was at that point that the bankruptcy court realized its oversight in having missed on the docket the *Defendants' Motion for Leave*. The bankruptcy court then reviewed both *Defendants' Motion for Leave* and Highland's Objection thereto.

In *Defendants' Motion for Leave*, Defendants objected to the reasonableness of attorneys' fees set forth in the Plaintiff's/Highland's *January/February Invoices* on the bases that (a) the rates charged by Plaintiff's counsel, Pachulski Stang Ziehl & Jones, LLP ("PSZJ"), are too high, and (b) a PSZJ associate and legal assistant spent an unreasonable amount of time analyzing two motions and drafting Highland's responses thereto.

As to the billing rates, as previously noted in this court's *November 10, 2022 Supplement to R&R* recommending that the District Court overrule Defendants' objection to PSZJ's rates in the Backup Documentation as being too high to be reasonable, "This court has already approved PSZJ's rates as reasonable under § 330 and under the applicable standard originally announced by the Fifth Circuit in *Johnson*."[7] Moreover, Mr. Dondero (who controls the Defendants) personally hired PSZJ to be bankruptcy counsel for Highland when he controlled Highland, and agreed, in writing, to PSZJ's fee structure and rates. *November 10, 2022*

---

1379). The Supplement to R&R with respect to Adv. Pro. 21-3004 (Civ. Act. No. 3:21-cv-881) was transmitted on December 5, 2022, at DCT DE #89.

[6] Adv. Pro. 21-3003 [DE #221], Adv. Pro. 21-3004 [DE #188], Adv. Pro. 21-3005 [DE #237], Adv. Pro. 21-3006 [DE #244], and Adv. Pro. 21-3007 [DE #238].

[7] *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

*Supplement to R&R,* p. 16. The rates charged by PSZJ are reasonable when evaluated under the applicable lodestar factors and other appropriate legal standards. Among other things, the billing rates are reasonable when evaluated in the relevant market of firms that provide legal services in complex chapter 11 cases (both in Texas and other major markets). Notably, this has been a bankruptcy case of a multibillion-dollar enterprise with well over a billion dollars of claims asserted. The above-referenced actions involve tens of millions of dollars.

As to the time spent by PSZJ's associate and legal assistant on two specific motions and Plaintiff's/Highland's responses thereto, the bankruptcy court has reviewed once again these time entries and does not consider the time spent on these tasks to have been excessive. Most of the pleadings filed in the above-referenced actions have been lengthy and dense with footnotes, legal authority, and record references, and often have attached appendices of hundreds or thousands of pages. The bankruptcy court itself has spent hundreds of hours on these matters, so the bankruptcy court does not view the time spent by PSZJ's associate and legal assistant on the two matters in the *January/February Invoices* identified by Defendants as excessive – by comparison. Accordingly,

**IT IS ORDERED** that the *Defendants' Motion for Leave* **be, and hereby is, granted**.

**IT IS FURTHER ORDERED** that the bankruptcy court has determined that there is no need to amend its recommendations to the District Court in the *November 10, 2022 Supplement to R&R*. To be clear, the bankruptcy court has considered the merits of Defendants' specific objections raised in the *Defendants' Motion for Leave* filed November 2, 2022 to the *January/February Invoices* and has decided that those objections should be overruled.

### *### End of Order ###*

United States Bankruptcy Court

Northern District of Texas

Highland Capital Management, L.P.,
    Plaintiff

Highland Capital Management Fund Advisor,
    Defendant

Adv. Proc. No. 21-03004-sgj

# CERTIFICATE OF NOTICE

District/off: 0539-3     User: admin     Page 1 of 2
Date Rcvd: Dec 07, 2022     Form ID: pdf001     Total Noticed: 3

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 09, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Highland Capital Management Fund Advisors, L.P., K&LGates LLP, c/o Stephen G. Topetzes, 1600 K Street, NW, Washington, DC 20006-2806 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| ust | + | Email/Text: ustpregion06.da.ecf@usdoj.gov | Dec 07 2022 21:59:00 | United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-0996 |
| ust | + | Email/Text: ustpregion07.au.ecf@usdoj.gov | Dec 07 2022 21:59:00 | United States Trustee - AU12, United States Trustee, 903 San Jacinto Blvd, Suite 230, Austin, TX 78701-2450 |

TOTAL: 2

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 09, 2022      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 7, 2022 at the address(es) listed below:

**Name**      **Email Address**

Davor Rukavina
    on behalf of Defendant Highland Capital Management Fund Advisors L.P. drukavina@munsch.com

| District/off: 0539-3 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Dec 07, 2022 | Form ID: pdf001 | Total Noticed: 3 |

Julian Preston Vasek
    on behalf of Defendant Highland Capital Management Fund Advisors  L.P. jvasek@munsch.com

Juliana Hoffman
    on behalf of Creditor Committee Official Committee of Unsecured Creditors jhoffman@sidley.com
    txefilingnotice@sidley.com;julianna-hoffman-8287@ecf.pacerpro.com

Melissa S. Hayward
    on behalf of Plaintiff Highland Capital Management  L.P. MHayward@HaywardFirm.com, mholmes@HaywardFirm.com

Paige Holden Montgomery
    on behalf of Creditor Committee Official Committee of Unsecured Creditors pmontgomery@sidley.com
    txefilingnotice@sidley.com;paige-montgomery-7756@ecf.pacerpro.com;crognes@sidley.com;ebromagen@sidley.com;efilingnotice@sidley.com

Zachery Z. Annable
    on behalf of Plaintiff Highland Capital Management  L.P. zannable@haywardfirm.com

TOTAL: 6